Rehm *et al. v.* The German Insurance and Savings Institution of Quincy.

do we doubt that this conclusion is the only one defensible on principle.

Judgment affirmed.

Filed Sept. 20, 1890.

———————◆———————

No. 14,421.

REHM ET AL. *v.* THE GERMAN INSURANCE AND SAVINGS
INSTITUTION OF QUINCY.

SUMMONS.—*Foreign Insurance Company.—Action by Agent Against.—Where Must be Brought.—Service Upon Auditor of State.—Insufficiency of.*—An action was brought in this State by residents of Indiana against an insurance company having its habitation in Illinois, for the alleged violation of a contract of employment, by the terms of which the plaintiffs were to act as agents of the defendant corporation, within designated territory, for a certain period. Summons was duly issued against the defendant corporation, but served on the auditor of state.

*Held,* that sections 316, 3022 and 3023, R. S. 1881, relate to foreign corporations in general, and have no application to such corporations as are under special regulations.

*Held,* also, that the act of 1883 (Elliott's Supp., sections 993 and 994), authorizing service of process upon the auditor of state relates to actions growing out of business such as an insurance company is authorized to transact after compliance with the conditions imposed by the statute, and which is forbidden until such compliance.

*Held,* also, that the contract in controversy has no connection with the ordinary business of insurance, but is preparatory to such business, and that the action based upon it is controlled by the rules of the common law, and could only be maintained in a forum within the place of the company's domicile.

SAME.—*Service on Agent.— When Void.*—A statute providing for the service of process upon any agent of a foreign corporation when sued, need not contain an exception as to actions brought against it by its agent that process shall not be served on such agent, to render such service void.

SAME.—*Service upon Auditor of State.— When Valid.*—In an action by an agent against a foreign insurance company, the summons would be properly served upon the auditor of state if the cause of action arose out of any business transaction within the purview of the act of 1883, otherwise not.

From the Marion Superior Court.

Rehm *et al. v.* The German Insurance and Savings Institution of Quincy.

*F. M. Finch* and *J. A. Finch*, for appellants.

*B. Harrison, W. H. H. Miller* and *J. B. Elam*, for appellee.

BERKSHIRE, C. J.—We summarize the facts in this case as follows : As its name indicates, the appellee is a foreign corporation, having its habitation in the State of Illinois. The appellants are residents of the State of Indiana, doing business as general insurance agents in the city of Indianapolis and in various States in the United States, and have been so engaged for more than three and one-half years. On the 10th day of April, 1885, they entered into a contract with the appellee by which they became its agents for the period of five years from said date for the State of Indiana and other States.

The appellants, claiming that the appellee had broken its contract, brought suit in the superior court of Marion county upon said contract.

Summons was duly issued against the appellee, but was served on Bruce Carr, Esq., auditor of state for the State of Indiana.

Afterwards, at special term in said court, the appellee entered a special appearance to said action, and moved the court to set aside the summons and the service thereof. This motion was sustained by the court, and from the judgment at special term an appeal was taken to general term. In general term the judgment at special term was affirmed, and from the latter judgment this appeal is prosecuted.

The only error assigned questions the ruling of the court in setting aside the process and the service thereof.

Our attention has been directed to sections 993 and 994, Elliott's Supp. (Acts of 1883), and sections 316, 3022 and 3023, R. S. 1881.

The appellants claim that section 316 excused them from having the process served upon themselves though they were still the agents of the appellee.

Sections 3022 and 3023 are referred to by the appellee to support its contention that the business mentioned in section 993, *supra*, is such as is intrusted to agents after the company has placed itself in a condition to prosecute the business of insurance, and does not include transactions preliminary thereto.

In our opinion said sections 316, 3022 and 3023 do not enter into the construction to be given to the act of 1883. They relate to foreign corporations in general, and have no application to such corporations as are under special regulations.

For many years foreign insurance companies doing business in this State have been under regulations applicable to such companies, but to no other corporations, and the act of 1883 makes full and ample provision therefor. By such special provisions insurance companies are given to understand that upon complying with the terms and conditions imposed they may enter the State and carry on the business of insurance, and having conformed to such requirements, the conditions of other statutes can not be imposed. That such special legislation excepts insurance companies from the effect of other statutes upon the subject of foreign corporations doing business within the State is a proposition too well settled to require the citation of authorities. But a statute providing for the service of process upon any agent of a foreign corporation when sued, need not contain an exception as to actions brought against it by its agent that process shall not be served on such agent, to render such service void.

The proposition that under any circumstances the defendant to an action may be compelled to appear and answer, or be subjected to a judgment upon a default upon service of process upon his adversary, is so out of line with all of our ideas of right, and the mode of procedure in courts of justice, that we can not for a moment suppose that the Legislature ever intended to authorize such a proceeding. It is our opinion, therefore, that the appellants were not deprived

of the benefit of the provision in the act of 1883, authorizing service of process upon the auditor of state, because they happened to be the agents of the appellee when they instituted their action.   But their cause of action did not arise out of any business transaction within the purview of the statute.

The business contemplated is such as an insurance company is authorized to transact after it has complied with the conditions imposed by the statute, and which is forbidden until such compliance.

The business contemplated is that of insurance ; that is the subject to which the statute relates.   The statute comtemplates a company having agents in the State, and relates to such business as they may do after the company has complied with its conditions.   A compliance with the requirements of the statute, and the appointment of agents, are preliminary conditions to the business contemplated.

The contract sued upon is not a contract such as will ordinarily be intrusted to a mere agent of the company, but one ordinarily executed by the company itself through its general officers.   It has no connection with the ordinary business of insurance, but is preparatory to such business. This contract might have been entered into in the State of Illinois or elsewhere, and if executed in Indiana it is none the less a valid contract because of the act of 1883.   The contract is an ordinary common law contract, whereby the appellants agree to serve the appellee in a particular manner for a certain compensation.   We think the action is controlled by the rules of the common law, and could only be maintained in a forum within the place of the appellee's domicile.

There was no error in the ruling and judgment of the court below.

Judgment affirmed, with costs.

Filed Sept. 20, 1890.