## BYERS *v*. THE UNION CENTRAL LIFE INSURANCE COMPANY.

[No. 2,113.    Filed February 24, 1897.]

CORPORATIONS.—*Action Against a Foreign Corporation by Its Agent. —Jurisdiction.—Statutes Construed.*— Under sections 3453 and 3454, Burns' R. S. 1894, providing that agents of foreign corporations shall deposit in the county clerk's office the power of attorney or other authority by virtue of which they act, and that such agents shall procure from such corporations and file with the clerk a duly authenticated order or resolution of the managers of such corporations, authorizing any "citizen or resident" of this State having a claim against such corporation, arising out of any transaction in this State with "such agents", to maintain in this State an action thereon, an agent of a foreign corporation can not maintain an action against such corporation on a check drawn to his order and payable in a foreign state.   *pp. 102–105.*

SAME.—*Action Against a Foreign Insurance Company by Its Agent. — Jurisdiction.—Statute Construed.*—Under section 4916, Burns' R. S. 1894, providing that it shall be unlawful for a foreign insurance company to do business in this State until it has filed with the Auditor of State a certified order of the board of directors of such company consenting that service of process in any court against such company may be served on any authorized agent of the company in the State while any liability remains outstanding against the company in the State, an agent of a foreign insurance company can not maintain an action against such company on a check drawn to the order of such agent and payable in another State.   *p. 105.*

JURISDICTION.—*When May be Presented by Motion to Dismiss.*— Where the want of jurisdiction appears on the face of the complaint, the question may be presented by motion to dismiss.   *p. 107.*

From the Allen Superior Court. *Affirmed.*

*Samuel M. Hench,* for appellant.

*Charles W. Kuhne,* for appellee.

COMSTOCK, C. J.—The appellant instituted this action against appellee upon a check of $53.74, payable to his order, and drawn by said company at Cincin-

nati, Ohio, upon the National Lafayette Bank of that city.

The first paragraph of complaint was dismissed. The four remaining paragraphs substantially aver that the appellee is a corporation organized under the laws of the state of Ohio; that plaintiff was in the employ of defendant as an agent to solicit life insurance for said company in Allen county, Indiana; that said defendant agreed to pay plaintiff for his services as such solicitor 50 per cent. of the premium paid by persons insured in said company on his solicitation as agent; that the agreement was made in Indiana; that plaintiff, as such agent, solicited one John Baker to take a $3,000.00 life insurance policy in said company, and that plaintiff is entitled to commission of $53.74 for soliciting such business; that defendant delivered a check for said amount to the plaintiff in payment thereof, drawn by said company at Cincinnati, Ohio, on the National Lafayette Bank of that city; that payment thereupon was refused. A copy of the check is set out in each paragraph except the third and fifth. The fifth paragraph recites the same facts, but counts on the commission merely.

The appellee appeared specially and moved the court to dismiss the cause, for the reason that the court had not jurisdiction of the person of the defendant; that the summons therein, as shown by the return of the sheriff endorsed thereon, was served on Charles E. Everett, described in said return as the agent of the Union Central Life Insurance Company; and further, that defendant was a foreign corporation, domiciled in the state of Ohio, incorporated by its charter to do general life insurance business; that the cause of action sued on is for commission alleged to be due the plaintiff of the defendant for soliciting an insurance and risk as agent for the defendant, and

upon a check, payable to the plaintiff, alleged to have been given to him by the defendant for said commission, and is not founded upon a contract of life insurance entered into by the defendant, or upon any cause of action under the provisions of the Act of 1883, relating to foreign insurance companies doing business in this State. Said motion was sworn to by the agent of the department.

The court sustained the motion and dismissed the cause.

The action of the trial court is assigned as error in this court by appellant.

At common law a corporation must be sued in such an action as this in the jurisdiction of its domicile. All statutes authorizing such suits elsewhere are in derogation of the common law, and should not be extended beyond their manifest meaning.

In declaring what is necessary in bringing suits against foreign corporations, we must look almost entirely to the statutes of our State.

Section 316, R. S. 1881, providing the method of bringing a foreign corporation into court sitting in the territory where the corporation does business, by service upon its agents, provides "that process shall not be served upon any such person, officer, or agent when he is plaintiff in the suit, but, in such cases, process shall be served upon some other such person, officer, or agent of the corporation than such plaintiff; and in case the defendant be a foreign corporation, having no such person, officer, or agent resident in the State, service may be made in the same manner as against other nonresidents."

Section 3453, Burns' R. S. 1894 (3022, R. S. 1881), reads as follows: "Agents of corporations not incorporated or organized in this State, before entering upon the duties of their agency in this State, shall de-

posit in the clerk's office of the county where they propose doing business therefor the power of attorney, commission, appointment,. or other authority under or by virtue of which they act as agents."

Section 3454, Burns' R. S. 1894 (3023, R. S. 1881), is as follows: "Said agents shall procure from such corporations, and file with the clerk of the circuit court of the county where they propose doing business, before commencing the duties thereof, a duly authenticated order, resolution, or other sufficient authority of the board of directors or managers of such corporations, authorizing citizens or residents of this State having a claim or demand against such corporation arising out of any transaction in this State with such agents, to sue for and maintain an action in respect to the same in any court of this State of competent jurisdiction, and further authorizing service of process in such action on such agent to be valid service on such corporation, and that such service shall authorize judgment and all other proceedings against such corporation."

Section 1, of an act approved March 5, 1883, section 4916, Burns' R. S. 1894 (3781a, Horner's R. S. 1896): "It shall not be lawful for any insurance company chartered, organized, or incorporated in any other state or nation to do business in the State of Indiana, until such company shall file with the Auditor of State a certified copy of a vote or resolution of the board of directors of such company consenting that service of process in any suit against such company may be served upon any authorized agent of such company in the State of Indiana, with like effect as if such company was chartered, organized or incorporated in the State of Indiana, and agreeing that any process served upon such agent shall be of the same legal force and validity as if

served upon said company, and agreeing that such service may be so made, with such effect, while any liability remains outstanding against such company in this State, and agreeing further, that if at any time there shall be no authorized agent of such company in the county where any suit shall be brought, service may thereafter be made upon the Auditor of the State of Indiana, with such effect as if made upon an authorized agent of such company."

We are of the opinion that sections 3022 and 3023, *supra,* were enacted for the purpose of giving citizens of Indiana the right to bring suit against foreign companies in the courts of this State on claims against such company arising out of any transactions in this State with such agents.

Under these sections the claim in suit could not be prosecuted in our courts, for the statute applies to transactions of residents with the agents of the company, and not to transactions between agents and the corporations.

Previous to the act of 1883, *supra,* we think no agent in Indiana could maintain an action against the foreign corporation which he represented upon a claim arising out of a transaction between him and his principal. It does not repeal previous legislation, except so far as it is in conflict therewith. These acts should be construed under the rule of statutory construction so that all will stand together, rather than that any should be held repealed. The object of the statute of 1883, is to extend the remedy of the residents of this State having claims growing out of transactions with agents of foreign insurance companies, so that they may bring suits in this State "while any liability remains outstanding against such company in this State," although the corporation may have ceased to do business here, and when it may no

longer have an authorized agent in the county where the suit is brought.

In *Rehm* v. *German, etc., Saving Inst.*, 125 Ind. 135, appellee was a foreign insurance company having its habitation in the State of Illinois. Appellants were residents of the State of Indiana, doing business as general insurance agents in the city of Indianapolis; they became the agents of the appellee, and, claiming that appellee had broken its contract with them, brought suit in the superior court of Marion county upon said contract. In the opinion given by Berkshire, C. J., the court says: "In our opinion said sections  *  *  3022 and 3023 do not enter into the construction to be given to the act of 1883. They relate to foreign corporations in general, and have no application to such corporations as are under special regulations.

"For many years foreign insurance companies doing business in this State have been under regulations applicable to such companies, but to no other corporations, and the act of 1883 makes full and ample provisions therefor.  *  *  *  That such special legislation excepts insurance companies from the effect of other statutes upon the subject of foreign corporations doing business within the State is a proposition too well settled to require the citation of authorities."

The court further says: "their cause of action did not arise out of any business transaction within the purview of the statute.  *  *  *  The contract is an ordinary common law contract, whereby the appellants agree to serve the appellee in a particular manner for a certain compensation. We think the action is controlled by the rules of the common law, and could only be maintained in a forum within the place of the appellee's domicile."

In the case at bar, the contract sued on is not one

of insurance; it is a claim growing out of services rendered the company. The contract in *Rhem* v. *German, etc., Saving Inst., supra,* and the contract in the suit at bar are common law contracts for services. Neither are upon a contract of insurance under the purview of the statutes of 1883, *supra,* as interpreted by the Supreme Court in *Rhem* v. *German, etc., Saving Inst., supra.*

Cross-errors were assigned by appellee, but as we do not deem it necessary to consider them, we have not set out the part of the record which relates thereto.

While questions of jurisdiction are, as a general rule, raised by demurrer or pleas in abatement, we are of the opinion that when, as in this case, the want of jurisdiction appears upon the face of the complaint, and the sustaining of a motion to dismiss the action accomplishes the same result, the question may be presented by motion to dismiss. *Gilbert* v. *Hall,* 115 Ind. 549.

Judgment affirmed.