## United States Health and Accident Insurance Company *v.* Batt.

[No. 7,470. Filed January 24, 1912.]

1. Insurance.—*Actions Against Companies.—Jurisdiction.—Account Stated.*—Under §4798 Burns 1908, Acts 1901 p. 375, providing that foreign insurance companies "shall be subject to the process of the courts of this State in any action, suit or other legal proceeding, relating to or founded upon, any claim or demand of any character whatever, held or asserted against said company by any citizen of the State," a foreign insurance company may be sued upon an account stated though such account did not grow out of a contract for insurance. p. 279.

2. Account Stated.— *What Constitutes.— Complaint.— Presumptions.*—Where two persons meet and account together, agreeing upon a definite sum as due, and payment being promised, such amount becomes an account stated, and a complaint alleging such facts is sufficient, though it fails to allege when the promise to pay was made, the presumption being that it was made at the time of the accounting. p. 280.

3. Appeal.— *Assignments of Errors.— Directing Verdict.— New Trial.*—Error in directing a verdict cannot be assigned independently on appeal, but must be made a ground for a motion for a new trial. p. 281.

4. Account Stated.—*Evidence.—Declarations Concerning Settlement.*—In an action on an account stated evidence of the declarations of the parties leading up to the agreement is admissible as tending to show that the alleged agreement was made. p. 281.

5. Account Stated.—*Evidence.—Memoranda.*—In an action on an account stated evidence of memoranda made by one of the parties showing what items of account were included in the settlement, is admissible. p. 282.

6. Account Stated. — *Subsequent Debts. — Evidence of.* — In an action on an account stated, the answer being a general denial only, evidence of debts from plaintiff to defendant, incurred subsequently to such account stated, is not admissible. p. 282.

United States, etc., Ins. Co. *v.* Batt—49 Ind. App. 277.

7. ACCOUNT STATED.—*Evidence.*—*Conclusions.*—In an action on an account stated, questions whether on certain days defendant rendered to plaintiff an account in writing, and whether at other times defendant rendered an oral account, were properly refused, since they called for the legal effect of the transactions, and required an answer to one of the precise questions the jury was asked to decide. p. 283.

8. APPEAL.—*Briefs.*—*Omission of Evidence.*—*Supply by Appellee.* —Where appellant's brief omits the evidence, but appellee's brief supplies it, the court may consider questions depending thereon. p. 283.

9. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence. p. 284.

From Superior Court of Marion County (70,782) ; *James M. Leathers,* Judge.

Action by Horace M. Batt against the United States Health and Accident Insurance Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*G. R. Estabrook,* for appellant.

*Joseph R. Williams, Chalmer Schlosser, John O. Spahr* and *James A. Ross,* for appellee.

IBACH, P. J.—Appellee brought this action against appellant in the Superior Court of Marion county. The amended complaint, as based on an oral account stated, and omitting the title, is as follows: "Horace M. Batt, plaintiff, for an amended complaint in the above-entitled cause, complains of said United States Health and Accident Insurance Company, defendant, and for cause of action alleges that said defendant is an insurance corporation doing business in the city of Indianpolis, said county and State, under and by virtue of the laws of the State of Indiana; that plaintiff is a citizen of the State of Indiana, and resides in Indianapolis, Marion county, Indiana; that said defendant is indebted to plaintiff in the sum of $312.52 on account stated between said plaintiff and said defendant on or about September —, 1905, upon which statement a balance of $312.52 was found to be due to plaintiff from de-

fendant, which amount defendant agreed to pay. Plaintiff alleges that said sum of $312.52 is now due and unpaid.''

Defendant is a foreign insurance corporation, and service of summons was obtained upon its agent. Thereupon it appeared specially and filed a verified motion to quash such pretended service, and in this manner the question of the jurisdiction of the courts of Indiana over the defendant was properly presented. This motion was overruled, and an exception properly saved. The issue was then formed by filing an answer in general denial. Trial by jury resulted in a verdict for appellee in the sum of $312.52. After the motion for a new trial was overruled, there was a judgment on the verdict.

The errors relied on for reversal are the overruling of appellant's motions (1) to set aside the summons and service thereof upon Edward F. Snyder, agent, and to dismiss the cause filed February 5, 1906, (2) to make the amended complaint more specific, (3) to instruct the jury to return a verdict for appellant, and (4) for a new trial.

As to the first assigned error, appellant says that the court has no jurisdiction over it, and that appellee could only have his claim litigated by going into the domicile of appellant, and as appellee's claim is based on a common-law contract, the rules of common law would control the action. In support of this contention the cases of *Byers* v. *Union Cent. Life Ins. Co.* (1897), 17 Ind. App. 101, and *Rehm* v. *German Ins., etc., Institution* (1890), 125 Ind. 135, are cited. These cases would be directly in point and would control the determination of the case at bar were it not for the fact that in 1901, since the cases just cited were decided, our legislature enacted additional laws affecting foreign insurance companies doing business in this State, among them the following: ''That every insurance company, chartered, organized or incorporated in any other state or Nation now or hereafter doing business in the State of Indiana, shall be subject to the process of

the courts of this State in any action, suit or other legal proceeding, relating to or founded upon, any claim or demand of any character whatever, held or asserted against said company by any citizen of the State of Indiana; and process against said company shall be served in the manner provided by existing laws: Provided, that this act shall not affect pending litigation or claims or demands now incurred and existing.'' §4798 Burns 1908, Acts 1901 p. 375. We therefore hold that by virtue of this act the courts of this State have jurisdiction over such claims as are specifically set forth in this section of the statute, and that the courts of Marion county had jurisdiction of the particular claim which forms the basis of the action now under consideration. While under the former statutes our courts were held to have jurisdiction over a foreign insurance company in actions growing out of contracts of insurance alone, the present statute gives them jurisdiction in any actions, founded upon any claim or demand of any character whatever, asserted against them by a citizen of the State.

In regard to the second assignment, our courts have repeatedly held that where two or more persons, who have had prior business transactions, meet and account together and agree upon a definite amount due either with respect to such business affairs, and payment is promised, such an agreement becomes an account stated, and a complaint containing such averments will be held to be sufficient. It is averred in the complaint that defendant is indebted to plaintiff in the sum of $312.52, and that such a balance is due and unpaid on an account stated between plaintiff and defendant on or about September —, 1905, which defendant agreed to pay. These are all the averments necessary to make a complaint sufficient upon the theory of an account stated. The complaint in the case of *Bouslog* v. *Garrett* (1872), 39 Ind. 338, 340, is very similar to the one in this case, except that there was no averment of a promise to pay, and the court held as follows: ''It may be advisable,

in such a paragraph, to allege an express promise to pay the amount ascertained to be due, and this is according to the usual forms. But we think this is impliedly included in the allegations of the paragraph in question. The law implies a promise to pay the balance found to be due." Applying the same line of reasoning to the complaint before us, it is sufficient, although it is not averred in express terms when the promise to pay was made, for it will be held that such promise was made at the time the accounting was had, and the amount due to plaintiff was determined. From the use of the term "account stated" the law implies a promise to pay, made at the time the account was stated. The court did not err in overruling appellant's motion to make the complaint more specific.

Appellant has attempted, by an independent assignment of error, to question the action of the court in refusing to direct the jury to return a verdict in its favor. This 3. is not proper. Error of this character must be made one of the causes in a motion for a new trial, and must be presented on appeal under an assignment of error in overruling the motion for a new trial. *Chicago, etc., R. Co.* v. *Richards* (1901), 28 Ind. App. 46; *Bane* v. *Keefer* (1899), 152 Ind. 544; *Migatz* v. *Stieglitz* (1906), 166 Ind. 361.

Appellant's fourth and last assignment of error contains thirty-seven specifications. The first three have reference to the admission in evidence of certain conversations 4. between appellee and appellant's president, concerning the settlement of their mutual accounts, and at the time of agreeing upon the account stated which is the basis of this suit. The conversations called for by these questions were very material and of vital importance to assist in arriving at a correct conclusion as to whether an account stated was agreed upon, and were properly admitted. 3 Elliott, Evidence §1607, and cases there cited. The evidence shows that a statement or memorandum of the items

constituting the account stated was reduced to writ-

5. ing by appellee as such items were furnished him by such president, and while he was looking on. The admission in evidence of this paper was objected to. The memorandum alone would not be sufficient to establish a written account stated, nor would the introduction of such a statement in evidence be sufficient to sustain a suit founded on such a theory, but it was eminently proper to allow such paper to go to the jury to show what items had been considered by the parties, and it is a circumstance at least tending to show the correctness of the verbal account stated, and that it had been agreed on by the parties. *Tomlinson* v. *Briles* (1885), 101 Ind. 538; 14 Ency. of Ev. 704.

Specifications four to nine inclusive, fourteen to nineteen inclusive, twenty-one, twenty-three, twenty-five, and twenty-

eight to thirty-two inclusive, all relate to the correct-

6. ness of the court's ruling upon questions as to whether there was anything owing by appellee to appellant at the time and after appellee left appellant's employ, which was subsequent to the making of the alleged account stated, and whether any such sum had been paid, and if so, by whom.

We have already held that the complaint is one based on an account stated, which constitutes a new promise made after all the items of the original claims and accounts previously existing between the parties had been taken into consideration, and as the only answer filed in the action is a general denial, the only issue formed and to be tried was whether the parties did settle their accounts and agree upon any certain amount to be due to appellee, and whether there was any agreement, expressed or implied, to pay such amount, and whether it had been paid. Under the general denial appellant would have been able to show error in making the account stated, as, for example, that certain items had been omitted therefrom, but we do not find that the

questions propounded to the witness would in any manner tend to prove that any error had been made in the account stated. Questions twenty-one, twenty-three, and twenty-five, as to whether appellee now owed appellant anything, would have been proper, if appellant had filed a set-off or counter-claim, but under the issues joined they were not proper.

By specifications ten to thirteen, inclusive, twenty-two, twenty-four, twenty-six and twenty-seven, the correctness of the rulings of the court in sustaining the objec-

7. tions to certain other questions is presented. These questions were as to whether appellant company upon certain specified days rendered appellant an account in writing and whether on certain other dates it made him an oral account. They cannot be held proper, for the reason that they called for the legal effect of the transaction between the parties, and submitted to the witness one of the precise questions which the jury was called on to decide. Questions to be competent must call for facts, and will be held to be improper if calling merely for conclusions. It is insisted by appellant, however, that the reasons assigned by appellee for rejecting such evidence are improper and not applicable. There is some force to this contention, but as the evidence was properly excluded, the ruling will be sustained by this court, although the grounds for objection may be said to be improper or inapplicable. *Singer, etc., Mach. Co.* v. *Phipps* (1911), ante, 116; *Leach* v. *Dickerson* (1896), 14 Ind. App. 375; *Whitney* v. *State* (1900), 154 Ind. 573.

We would not be called on to consider specifications thirty-six and thirty-seven, for the reason that appellant has not furnished in his brief a condensed recital of

8. the evidence in a narrative form, were it not for the fact that appellee has supplied this deficiency. We have, therefor, examined all the evidence presented at the trial, and are convinced that there was some evidence to

support the conclusion reached by the jury. As there is some evidence tending to support the verdict upon the material points involved, it cannot be said that such verdict is contrary to law.

Judgment affirmed.