City of Lafayette *v.* Weaver *et ux.*

No. 10,227.

CITY OF LAFAYETTE *v.* WEAVER ET UX.

92 477
127 502

92 477
138 16

CITY. — *Sidewalks.* — *Negligence.* — *Question of Fact.* — *Evidence.* — In a suit against a city for an injury caused by a defective sidewalk, the question whether the walk was dangerous is one of fact for the jury, and if there be conflict in the evidence, the verdict will not be disturbed by the Supreme Court.

SAME.—*Pleading.*—*Proof.*—In such a suit, it is not necessary that ·the plaintiff aver his ignorance of the defect, and, if averred, it need not be proved.

SAME.—*Evidence.*—In such a suit, the record of the proceedings of the council after the accident, showing an order to the engineer to examine the defective walk and report a remedy, is proper evidence for the plaintiff, as tending to show that the walk was recognized by the city as defective, and one which it was bound to repair.

NEW TRIAL.—*Attorney's Misconduct in Argument.*—*Supreme Court.*—To justify the Supreme Court in ordering a new trial for misconduct of counsel in argument, a plain case of the abuse of the attorney's privileges must appear, which was not sufficiently counteracted by the court below, and it must also appear that the misconduct injured the objecting party.

SAME.—*Practice.*—*Bill of Exceptions.* —*Record.*—Affidavits in support of a motion for a new trial, not made part of the record by order, nor contained in any bill of exceptions, but referred to therein as appearing as exhibits to the motion for a new trial, are no part of the record.

SAME.—*Striking Out.*—There can be no available error in refusing to strike from the files affidavits made in resistance to a motion for a new trial.

From the Superior Court of Tippecanoe County.

*J. Parsons, R. C. Gregory* and *W. B. Gregory,* for appellant.

*R. P. DeHart, J. R. Coffroth* and *C. B. Stuart,* for appellees.

BLACK, C.—In an action brought by the appellees, Elizabeth Weaver and her husband, against the appellant, to recover damages for injuries to the person of said Elizabeth, resulting from her falling when walking at night upon a sidewalk on one of the streets of said city, the fall being caused by a defect—an offset—in said sidewalk, an issue was formed, which was tried by a jury, and a verdict was returned for the plaintiffs, on which judgment was rendered.

It is contended that the evidence did not sustain the verdict,

for the reason that it did not show that the defect in the side-
walk was dangerous and unsafe to travellers using due care.

It was certainly shown, and it is admitted in argument, that
the sidewalk was in a defective condition. A portion of it,
recently made of cement, in front of a certain building, was
some inches above the grade of the adjoining portion made
of bricks, and some of the bricks of said adjoining portion,
which had been removed when the cement sidewalk was made,
had not been replaced. An offset was thus made in the side-
walk of one of the principal streets of the city. There was a
conflict in the evidence as to the height of the offset, but there
was evidence that it was four or five inches high, and that it
caused the injury complained of. Whether it was in a reason-
ably safe condition for use in the customary and proper man-
ner by persons exercising ordinary care, was a question to be
determined by the jury from all the circumstances shown by
the evidence, and the conclusion reached by the jury upon
that question can not be disturbed.

The only other particular in which the evidence is claimed
to have been insufficient is, that it did not sustain the alle-
gation in the complaint that the plaintiff was without any
knowledge of danger or defect in the sidewalk.

Mrs. Weaver testified that she had no knowledge of the
offset, and that she was walking carefully. The complaint
contained a general averment that she was without fault or
negligence, and if she had failed to prove the additional al-
legation that she was without knowledge of the defect, it would
not necessarily follow that she could not recover. Such ad-
ditional allegation was unnecessary. If it had been proved
that she had knowledge of the defect, this would have been
but a fact to be considered by the jury, with the other circum-
stances, in determining the question whether she exercised due
care. But the evidence was such that the jury might find that
the averment that she was without such knowledge was true.

There was evidence as to the condition of the sidewalk at
the time of the trial, and evidence showing that at that time

it was not in the same condition as when Mrs. Weaver was injured; that soon thereafter it had been in part repaired by the owner of the adjoining building, by the replacing of the bricks which had been removed when the new portion of the sidewalk was made; and that afterward it had been further remedied by placing a beveled piece of timber upon the bricks next to said new portion. As a part of the evidence showing that said piece of timber was so placed by the city, the appellant introduced, over objection, an entry in the record of the proceedings of the common council of said city, dated after the time of Mrs. Weaver's injury, showing an order to the city engineer to examine the dangerous sidewalk in question, and to report a remedy.

This was not admissible to prove negligence on the part of the city, the question as to which was to be determined by what was known before and at the time of the accident. *Dougan* v. *Champlain, etc., Co.*, 56 N. Y. 1. But it was evidence of the city's recognition of the defect in the sidewalk as one which the city was bound to repair, and was admissible for such purpose, though the city's obligation to keep that place in good condition were sufficiently shown by other evidence. By proper request, the appellant could, through an instruction, cause the restriction of the evidence to its legitimate effect. See *Sewell* v. *City of Cohoes*, 11 Hun, 626. To show the action of the city, the entry in question was not improper evidence. *City of Huntington* v. *Mendenhall,* 73 Ind. 460; *City of Delphi* v. *Lowery,* 74 Ind. 520 (39 Am. R. 98).

Certain language of one of the attorneys for the appellees, in the closing argument before the jury, was assigned as ground for a new trial, as being " misconduct of the prevailing party," no error of law occurring at the trial in this connection being charged. It appears by bill of exceptions, that said attorney, in said argument, spoke of the fact that when Mrs. Weaver was testifying, and was about to state what she had been told by a certain physician, she was stopped by counsel for the appellant. Thereupon the court said that she was

properly stopped; and said attorney for the appellees said: "Yes, properly stopped." And the appellant excepted to the language of counsel for the appellees.

The transgression of counsel in this instance was sufficiently corrected by the admonition of the court and the ready acquiescence of the transgressor.

Certain other remarks of the same attorney in the same argument were excepted to by the appellant and were assigned as cause for a new trial. These remarks were made in response to a part of the argument of counsel for the appellant before the jury, and they amounted to a misconstruction of certain language used by counsel for the appellant as it appears in the bill of exceptions, with a discussion proceeding upon such construction of the speaker, who illustrated his argument by reference to occurrences within his own knowledge, having no connection with this case. No useful purpose can be served by setting out this portion of the speech of counsel and the remarks to which it was intended as an answer. No ruling of the court appears to have been made, and none is complained of, in connection with these remarks of counsel, but the appellant excepted thereto.

There must be a plain case of violation of the privilege of argument, which has not been sufficiently counteracted by the trial court, and such misconduct as can be said by this court to have been injurious to the objecting party, to justify us in reversing the action of the trial court in overruling a motion for a new trial based upon such departure of counsel.

We can not see that there was in this case such an abuse of the large license allowable in such discourses as to authorize our interference.

A new trial was asked also on the ground of newly discovered evidence. This cause for a new trial is one which must be sustained by affidavit showing its truth. Section 562, R. S. 1881. Such affidavits can be made part of the record only by bill of exceptions or order of the court. Section 650, R. S. 1881. Certain counter affidavits filed by the appellees are

City of Lafayette *v.* Weaver *et ux.*

set out in a bill of exceptions, which states that the affidavits of two persons named were filed in support of the motion, and that they appear in the record as exhibits to the motion for a new trial.   The affidavits in support of the motion not being otherwise parts of the record, it was not sufficient to thus refer to them as being in another part of the transcript, and they can not be regarded as in the record. *Kesler* v. *Myers,* 41 Ind. 543.

The appellant moved to strike out the counter affidavits. One of these was the affidavit of the attorney to whose remarks in argument objections were made as above stated, and in it he set forth certain language as having been used by him in said argument, and other language as that of adverse counsel.   The argument having been made in the presence of the court, the only proper mode of bringing into the record the language used by counsel was by bill of exceptions. *Rudolph* v. *Landwerlen, ante,* p. 34.   But this affidavit also contained statements pertinent to the question whether the appellant had used reasonable diligence to discover and produce at the trial the newly discovered evidence.   The question of the sufficiency of such counter affidavits would properly arise in ruling upon the motion for a new trial, and though they contain irrelevant matter, or be insufficient in substance, there could be no available error in refusing to strike them out.

The affidavits in support of the motion not being in the record, we can not say that a new trial should have been granted on the ground of newly discovered evidence.

The fourth instruction given to the jury, at the request of the appellees, is objected to as assuming that Mrs. Weaver's injuries resulted from the fall. The instruction is not susceptible of such construction.

We have noticed all the questions proposed by counsel, and we find no available error.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellant.

Filed Jan. 9, 1884.