## BANE v. KEEFER ET AL.

[No. 18,392. Filed May 16, 1899.]

APPEAL AND ERROR.—*Directing Verdict.—New Trial.*—An alleged error of the court in directing a verdict must be presented by motion for a new trial and error assigned in this court on such ruling. *pp. 547, 548.*

SAME.—*Directing Verdict.—Review.—Evidence Not in Record.*—The Supreme Court will not review the action of the trial court in directing a verdict where the evidence is not in the record. *p. 548.*

SPECIAL VERDICT.—*Failure to Sustain Material Averments of Complaint.*—Plaintiff was employed to assist in blasting and removing stone and other debris from a sewer, and was injured by an explosion caused by striking his pick against an unexploded charge of dynamite. The negligence charged in the complaint was that defendant in blasting drilled numerous holes in the stone, loaded them with dynamite, and discharged them at the same time, instead of discharging one at a time, causing portions of the dynamite to remain in the holes unexploded, and rendering the place dangerous. The special verdict found that plaintiff knew that dynamite was used in such blasting, and on a number of occasions dug out unexploded loads of dynamite along the line of the sewer; that the work of removing stone from the sewer after blasts had been made was dangerous and hazardous, and such danger was apparent to a man

Bane *v.* Keefer.

of ordinary intelligence; that the method employed by defendant for discharging the dynamite was the best known for such purposes, and was recognized as a proper and safe method. *Held,* that the facts found by the special verdict did not entitle plaintiff to a judgment under his complaint. *pp. 545-551.*

From the Wabash Circuit Court. *Affirmed.*

*J. C. Branyan, J. S. Branyan, L. M. Ninde, W. M. Ninde, Wm. A. Branyan, B. F. Ibach* and *Alvah Taylor,* for appellant.

*Walter Olds, C. F. Griffin, J. F. France, Z. T. Dungan, J. B. Kenner* and *U. S. Lesh,* for appellees.

JORDAN, J.—Action by appellant in the Huntington Circuit Court against appellees, Henry Keefer and the city of Huntington, to recover damages for personal injuries sustained by reason of an explosion of dynamite in the construction of a sewer in said city. The venue was changed to the Wabash Circuit Court, wherein a trial resulted in the court, upon the evidence, directing the jury to return a verdict in favor of the city of Huntington, and in giving judgment in favor of the defendant Keefer on the special verdict returned by the jury in answer to interrogatories submitted under the statute of 1895.

The second additional paragraph of the complaint, which is the only pleading in the nature of a complaint embraced in the record, may be said to be repetitious and diffusive in its averments in respect to the charge of negligence. It discloses, however, among other things, that the defendant, Keefer and one Hallwood were partners, doing business as contractors under the firm name of Keefer & Hallwood. Prior to December 4, 1894, this firm entered into a contract with the city of Huntington for the construction of a sewer. It is averred that in excavating for the sewer it was necessary to remove, along the line thereof, "ledges of hard and flinty stone varying in depth from one to ten feet." To remove this rock it was necessary to use powerful explosives, in the

use of which great care was required; and the substance used for such purpose was required to be handled by persons who were experts in the use thereof, so as to protect the workmen engaged in the construction of the sewer. In the blasting of these ledges it is averred that numerous holes were drilled in the stone, and loaded with dynamite, which was discharged by means of electricity. It is then averred "that the only safe way to discharge these holes was by discharging but one at a time, or at least not more than two, so that, after the electrical shock, it was easily and readily seen if the same were all discharged, as the defendants well knew; but said contractors, or defendants aforesaid, being inexperienced themselves, and having no experts to attend to and use the dynamite, loaded numerous holes at a time, and connected these holes so loaded by means of an electrical appliance, and in this manner attempted to discharge these numerous holes at one and the same time by means of an electrical battery; that said means of discharging the holes were imperfect, and defective, and unreliable, in this: that it was not sure and certain to discharge each and every one of the numerous loaded holes, and, owing to the defect in not discharging all of them, there remained, after the application of the electricity, in some holes undischarged and live dynamite,—all of which was known to the defendants, but was not known to the plaintiff." It is alleged that "the plaintiff was not an expert in the use of dynamite, and had no knowledge that said work of blasting was done in such a negligent manner and with such imperfect and defective appliances; nor was he informed that more than one or two holes were attempted to be discharged at one time; neither did he know that said contractors were inexperienced men in such work, nor that they had employed no expert," etc. Prior to December 4, 1894, it is averred that plaintiff was employed by the defendant Keefer to work for him in the construction of this sewer to pick and shovel loose stones and dirt, and on said day he was directed by the defendant to loosen stone and dirt in the

sewer at a place where said defendant had attempted to discharge a number of holes at one blast by means of said defective appliances; that all of said holes had not been discharged, and live dynamite was left concealed in some of the holes, which, however, was unknown to plaintiff, that on December 4, 1894, while engaged in said work in such unsafe and dangerous place, without having been warned of such hidden danger, which could have been known by defendants, and while in the discharge of his duty, using due care and caution, and without any fault on his part, while so working he struck with his pick an undischarged load of dynamite in the bottom of the sewer, placed there for the purpose aforesaid, and which defendant had attempted to discharge in the careless manner aforesaid. In striking said dynamite with his pick it exploded with great force, and seriously injured plaintiff, etc.

The theory upon which the complaint proceeds, as outlined by its material facts, is to the effect that the negligence upon which the plaintiff bases his cause of action is attributable to the fact that more than two of the holes which had been drilled in the stone for the purpose of blasting were loaded and attempted to be discharged at the same time by the means of a defective electric appliance or battery; that, by reason of this unexploded dynamite being left concealed in some of these holes, the place at which plaintiff was at work at the time of the accident was rendered unsafe, which fact was unknown to him; and that said danger was incurred by him when at work in the line of his duty, and that he was injured thereby as alleged.

Considering the state of the record as it appears in this appeal, and the assignment of errors thereon, the only question presented for our decision is, do the legitimate facts embraced in the special verdict entitle appellant to a judgment under his complaint?

As heretofore stated, the trial court upon the evidence, instructed the jury to return a general verdict in favor of the

defendant, the city of Huntington. With this instruction the jury complied. No motion for a new trial is set out in the record; neither is the evidence before us; and the only attempt to present for review the action of the court in directing a verdict upon the evidence in favor of the appellee the city of Huntington is by an assignment of error that the court erred in instructing the jury to find a general verdict in favor of the city of Huntington. It is evident, therefore, under these circumstances, that no question upon the merits of the case, in respect to the city of Huntington, is presented for our consideration, and the judgment of the court in its favor must be affirmed. If the trial court was of the opinion that the evidence was not sufficient to be submitted to the jury for it to determine the question involved under the issues joined between the plaintiff and the city of Huntington, then, under the rules as asserted and enforced by the decisions of this court, it had a right to direct a verdict in favor of the city, and its action in so doing ought to have been assigned in a proper motion as a reason for a new trial. If this motion had been overruled, then, on appeal to this court, error ought to have been assigned on such ruling, and, in the event the evidence was in the record, the ruling of the court in regard to the city of Huntington would have been before us for review. We have stated the theory of the complaint as outlined by its material facts. This theory, under a well settled rule, must be substantially supported by the material facts embraced in the special verdict, and must be sustained by the law governing the case, before appellant can be entitled to a judgment in his favor on such verdict. *Cleveland, etc., R. Co.* v. *Miller,* 149 Ind. 490; Elliott's App. Proc., sections 753, 754; *Cummings* v. *Citizens', etc., Association,* 142 Ind. 600. Therefore, assuming the sufficiency of the complaint, as no question to the contrary is raised, we may proceed to determine the question properly presented relative to the liability of the appellee Keefer under the facts set out in the special verdict. The jury in this verdict,

among other things, find that Keefer & Hallwood, as part-ners, prior to December 4, 1894, contracted with the city of Huntington to construct a sewer therein.    In constructing such sewer it was necessary to excavate large ledges of hard rock, and thereby it became necessary to use heavy explo-sives, such as dynamite, in breaking up said rock, and the de-fendant Keefer knew that the rock would have to be re-moved by the use of dynamite.    Plaintiff, as it appears, had been in the employment of Keefer & Hallwood from the 1st day of August, 1894, until December 4, 1894, the day of the accident, as a common laborer, assisting in the construction of the sewer.    During this period his work consisted in part in helping to blast in the excavation of the sewer, and he knew that dynamite was used in such blasting.    He also worked at removing loose stones which had been broken by means of the blast, and assisted in doing various work about the sewer, but he had nothing to do with the electric battery or appliance by means of which the blasts were discharged. On a number of occasions prior to the accident he dug out un-exploded loads of dynamite along the line of the sewer.    The work of removing stone from the sewer, after blasts had been made, was, as the jury find, "dangerous and hazardous," and the manner in which the work of excavating was done after the blasts had exploded made it apparent to a man of ordinary intelligence that the same was a dangerous and hazardous employment.    The verdict further states that the blasting was done by drilling holes in the rock, and then loading them with dynamite and placing a cap on the load with wires ex-tending above the surface, these wires being attached to a lead wire which was itself connected with an electric battery or appliance by the means of which the dynamite in the holes was exploded.    This method, as employed by the defendants for discharging the dynamite, the jury find was the best known for such purposes, and was recognized as a proper and safe method.    On December 4, 1894, the plaintiff was at work in the sewer, removing loose stone with a pick, and

struck his pick against a piece of live dynamite, which was concealed in or among the stones. This dynamite, by the stroke of the pick, was exploded, and great injury was thereby sustained by the plaintiff. The verdict states that there is "no proof" to show that any person knew that there was any dynamite at the point where the plaintiff was at work immediately before he was injured. It is also stated therein that immediately after an explosion or blast of dynamite took place the persons in charge of the blasting in the sewer would examine to see if all of the loads had been discharged, and the defendant's employes, as it appears, on the day of the accident, and before the same occurred, made a search for unexploded dynamite, but found none, and they believed, it is stated, that there was no dynamite at the point where appellant was at work at the time he sustained his injuries. Other facts are stated, but we do not deem it necessary to set these out specifically. As heretofore said, it is apparent from the averments of the complaint that the pleader intended to base an actionable charge of negligence on the alleged facts that the said defendant was negligent in loading with dynamite more than two holes in the rock which was being excavated, and then attempting to dischage the blasts by the defective battery, thereby causing dynamite to remain concealed unexploded in the stone, rendering by this means the place in which the plaintiff was at work unsafe or dangerous. It was by reason of these facts, it is averred, that the plaintiff failed to discover that some of the loads had not been discharged. This theory finds no support under the facts disclosed by the special verdict. In fact, there is an affirmative finding that the manner or method by which the dynamite was exploded was a proper and safe one, and was recognized to be a proper and safe method. We fail to discover any facts stated in the special verdict that can be said in any manner substantially to support the particular negligence which the complaint imputes to the defendant Keefer. Certainly,

under such circumstances, appellant is not shown to be entitled to a judgment in his favor on the verdict, even though it be conceded that it does reveal negligent acts in other respects upon the part of the defendant.    The burden was upon the plaintiff to sustain the material and issuable facts upon which he founded his charge of negligence.    Consequently the special verdict must embrace such material facts as can be said substantially, at least, to respond to or support those which by his complaint constitute his cause of action; otherwise he must fail in his demand for a judgment in his favor on such verdict.    This rule is well affirmed, as shown by the authorities heretofore cited, and by others to which we might refer.

It is insisted by counsel for appellees that the facts set out in the verdict show that appellant worked for over four months prior to the accident in the construction of the sewer in question; that he assisted in blasting therein, and that the work of removing the loose stones after the blast was dangerous; that such danger was apparent to a reasonable and intelligent person; that he knew that all of the dynamite at times did not explode, as it is shown he assisted in removing unexploded loads thereof from the stone previous to the accident, etc.; that he made no complaint, but continued in the service of appellees, and thereby, it is contended, he is shown to have assumed all of the risk incident to the service in which he was engaged, and therefore cannot recover.    As the judgment must be affirmed for the reasons heretofore stated, we are not required to consider this feature of the case.    In support of the rule, under the facts, for which counsel for appellees contend, see *Wabash R. Co.* v. *Ray, Adm., ante,* 392, and cases there cited; *Kenney* v. *Shaw,* 133 Mass. 501; *Rogers* v. *Leyden,* 127 Ind. 50; *Griffin* v. *Ohio, etc., R. Co.,* 124 Ind. 326; *Brazil Block Coal Co.* v. *Hoodlet,* 129 Ind. 327.

The judgment of the court in favor of the appellee Keefer

on the special verdict is a correct result, and is therefore affirmed, as is likewise the judgment in favor of the city of Huntington.