MYERS *v.* MILFORD.

[No. 15,570. Filed June 15, 1937.]

*Clarence E. Benadum, Charles L. Garrison* and *John W. Burden,* for appellant.

*Browne & Campbell* and *Robert A. Gemmill,* for appellee.

CURTIS, J.—This was an action upon a complaint in one paragraph for damages for personal injuries alleged to have been sustained by the appellant as the result of an automobile collision while the appellant was riding as a non-paying guest in the automobile owned and driven by the appellee. The complaint was answered by a general denial.

Upon the issues thus formed the cause was submitted to a jury for trial resulting in a directed verdict for the appellee at the close of the appellant's evidence, upon which verdict judgment was duly rendered. The appellant seasonably filed a motion for a new trial which was overruled with an exception and this appeal prayed and perfected.

The errors relied upon for reversal are identical with the assignment of error and are as follows:

"(1) The court erred in sustaining appellee's motion for a directed verdict.

(2) The court erred in its failure to submit said cause to the jury for a general verdict on all evidence.

(3) The court erred in entering judgment upon the directed verdict.

(4) The court erred in overruling appellant's motion for a new trial.

(5) The judgment appealed from is not fairly supported by the evidence.

(6) The judgment is clearly against the weight of the evidence."

The causes stated in the motion for a new trial are the following:

"(1) That the verdict of the jury is not sustained by sufficient evidence.

(2) That the verdict of the jury is contrary to law.

(3) That the verdict of the jury is contrary to the law and the evidence.

(4) Error of law occurring at the trial in the court's ruling in sustaining the motion of the defendant for a directed verdict.

(5) Error of law in the court rendering judgment upon the directed verdict.

(6) That the evidence in the case was sufficient for the consideration of the jury.

(7) The court erred in sustaining the defendant's motion for a directed verdict.

(8) That the court erred in not submitting the cause to the jury.

(9) The court erred in overruling plaintiff's objection to questions by defendant's counsel to the jury as follows: Regardless of what the evidence discloses, will you unhesitatingly render a verdict upon the instructions given by the court?"

Numbers 1, 2, 3, 5, and 6 of the errors relied upon for reversal which we have previously set out present no question. If any question were to be presented under said numbers 1, 2, and 3 it would have to be done under the motion for a new trial and not by means of an independent assignment as herein attempted. See: *Bane* v. *Keefer et al.* (1899), 152 Ind. 544, 53 N. E. 834. Numbers 5 and 6 present no question whatever. The appellee insists that no question is presented by the appellant in her brief. The difficulty of the appellant becomes apparent when it is noted that she supports only her alleged assignment number one with points and authorities. Were her fourth specification in her assignment of error, to wit, that the court erred in overruling her motion for a new trial, supported in her brief by her points and authorities and properly applied to the errors relied upon in the instant case the situation would call for a review of such alleged errors, but such is not the case. Notwithstanding the infirmities of her brief we have, however, read the evidence carefully. It falls far short

of establishing a cause of action under the so-called "guest statute" of this state upon which the appellant must rely. The case of *Coconower* v. *Stoddard* (1933), 96 Ind. App. 287, 182 N. E. 466, clearly and correctly states the law and interprets the said "guest statute" in so far as it controls the instant case and we do not feel called upon to re-state it in this opinion. See also *Hoeppner et al* v. *Saltzgaber et al.* (1936), 102 Ind. App. 458, 200 N. E. 458.

No reversible error being shown, the judgment is affirmed.