NORTHERN INDIANA PUBLIC SERVICE CO. *v.* MILLENDER

[No. 16,082.    Filed January 22, 1940.    Rehearing denied
June 19, 1940.]

*Frederick C. Crumpacker, Edwin H. Friedrich* and *Bernard A. Petrie,* all of Hammond; and *Ernest M. Hawkins,* of Fowler, for appellant.

*Todd & Slaughter,* of Hammond; and *Frazer & Isham,* of Fowler, for appellee.

DE VOSS, C. J.—Appellee brought this action to recover damages for injury caused by the alleged negligence of appellant. The complaint was in two paragraphs but the cause was submitted for trial upon the second paragraph thereof, the first paragraph having been dismissed by appellee prior thereto.

The second paragraph of complaint alleges in substance that appellant was a corporation engaged in furnishing gas to consumers in the City of Hammond, Indiana, on and prior to February 20, 1933; that some time in the latter part of 1933 appellant changed the type of gas in its tanks and mains, which made it necessary to adjust the equipment used by the consumer in utilizing said gas. That said appellant employed a force of men to adjust and change each gas burner in the homes of consumers, and that they did so adjust the same in all of the residences on Arkansas Avenue in said City of Hammond, except in the house at the rear of No. 6630 on said Street, but that they carelessly and negligently failed to adjust any of the gas burners at said location, well knowing that said house was equipped with gas burners, and that the occupants of said house were using the new type of gas furnished by them, and that it was highly dangerous to use the same without the burner being adjusted. That while appellee was doing a washing in the basement of said premises at No. 6630 where a gas burner was located, she was asphyxiated by poisonous gas coming through the gas burner and suffered injuries thereby through

the negligence and carelessness of appellant by failure to adjust the gas burner used therein.

Appellant filed an answer in two paragraphs to said second paragraph of complaint; a demurrer to the second paragraph of answer was sustained by the court, the first paragraph being in general denial; and the cause was submitted to a jury for trial upon the issues thus joined. The jury returned a verdict adverse to appellant. Motion for a new trial was filed by appellant, which motion was overruled and this appeal followed.

Appellant assigns error of the trial court in overruling the motion for a new trial. The causes contained in the motion for a new trial are: (1) the verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law; (3) the damages are excessive; (4) error of court in giving to the jury of its own motion each of its instructions numbered 1 to 12 inclusive; (5) error in refusing to give instructions Nos. 1, 3, 4, 5, 6, 9, 12, 13, 14, 16, 17, 18, and 19 tendered by appellant; (6) error of the court in giving to the jury instruction No. 1 tendered by appellee; and (7) error of the trial court in the admission of certain specified evidence in the trial of this cause.

Appellant first contends that the evidence is not sufficient to sustain the verdict, and particularly assails it for the absence of evidence to prove the failure of appellant to adjust the gas burners in the Miller house, and the negligence relative thereto. Evidence was introduced fixing the time the injuries were received as the 14th day of February, 1933. It was established that on or about September 22, 1932, the appellant undertook to change the character of gas furnished to consumers in the locality of the Miller house. Charles Miller, the owner of the residence, testi-

fied that from the time they moved into the house in question some time between the 10th and 15th of September, 1932, until February 14, 1933, appellant made no adjustment of the gas burners in the house. While it is true that Mr. Miller testified he was in the hospital until about the middle of October, 1932, yet he testifies positively as above, and adds that he had her (his wife's) word for it.

There is evidence tending to prove that on the morning of February 14, 1933, three people were stricken in the house and basement when the injury is alleged to have occurred. That there was a gas burner in the basement and that immediately thereafter employees of the appellant adjusted the gas burner; that in the absence of an adjustment of the burner, the gas might be dangerous, and poisonous fumes emanate therefrom. That appellant had been notified of a disagreeable condition relative to the smoking up of pots and pans in the kitchen of the home in question, and that appellant did not respond thereto. That immediately after the accident in question, appellant came to the scene thereof with an inhalator and used it on one of the parties. Further evidence was introduced from which the jury could conclude that appellee was suffering from carbon monoxide poisoning.

The jury saw and heard the witnesses testify, and was in a position to judge the credibility and the weight thereof, and in view of the long and well-established rule as to the duty of the Appellate Court when the evidence is conflicting, we hold that the evidence herein is sufficient to sustain the verdict.

Appellant next contends that instruction No. 1 tendered by it was a proper instruction and should have

been given by the court. This instruction would have told the jury that appellant had the right to assume certain specific facts relative to the manner of consumption of gas. We do not think this was a proper statement of the law. The conditions existing herein were not ordinary conditions. It was an extraordinary condition created by appellant in the change from one type of gas to a distinctly different type, and appellant had undertaken the responsibility with respect to the adjustment of the gas appliances within the house, and the disconnection of hot water heaters. This instruction was too broad in scope and would have been misleading.

Instruction No. 6 tendered by appellant informs the jury that if appellant did not install, own, or control the water heater, then it was not responsible for its condition nor maintenance. In view of the evidence that the appellant did undertake some control over all gas burners in use, and that this instruction was covered by instructions Nos. 7 and 8 tendered by appellant and given by the court, the refusal by the court to give the same was not error.

Instructions Nos. 13 and 14 would have informed the jury relative to the law of intervening agency and proximate cause as applied to the instant case. Each of the instructions contains the hypothesis: "if you find the heater in question was properly adjusted," and is followed by a further hypothesis of installation and control of the heater, "then the plaintiff could not recover." Instruction No. 11, tendered by appellant and given by the court, completely covered instructions Nos. 13 and 14, and was much more favorable to appellant than the instructions so refused. Instruction No. 11 informs the jury that if the jury finds appellant had adjusted the burner in question before

the accident, then appellee could not recover. We find no error in the refusal of the court to give instructions Nos. 13 and 14.

Instructions Nos. 17 and 18, tendered by appellant and refused by the court, were fully covered by instruction No. 11 above referred to. These instructions, 17 and 18, would have informed the jury that if the jury found the appellant had "properly adjusted the burner on the gas heater in question," and then incorporated a further hypothesis relative to proximate cause and contributory negligence. Under instruction No. 11, if the jury found the appellant had adjusted the burner prior to the accident, it was a complete defense, and no harm could have been suffered by appellant by reason of the failure to instruct as to additional hypothetical questions of proximate cause, contributory negligence and duty of maintenance.

Appellant complains of instruction No. 4 given by the court of its own motion. Objection is made that it is a mandatory instruction and fails to contain all facts necessary to support a verdict, particularly facts relative to contributory negligence. It is further criticized because it allegedly assumes escaping gas caused the injury involved herein. We do not think the instruction is subject to the frailties mentioned. The instruction is somewhat lengthy and need not be set out herein. All of the statements as to alleged facts are prefaced by the statement, "If you find," or words of that import, and it does cover contributory negligence, and contains all facts necessary to support a verdict.

Appellant next objects to the admission of evidence as follows:

"Q. Mr. Millender, did you observe any person who got out of the Northern Indiana Public Service

Company truck do anything to the gas water heater in the basement of the Miller house that morning?

"A.   I did.

"Q.   What did you see that person do?

"A.   Worked with that gas burner on that hot water heater."

It is maintained that this is evidence of repairs or adjustments made after the accident, and is not admissible to show antecedent negligence.

The trial court in passing upon the admissibility of this evidence stated in substance that the evidence was admitted as some evidence relative to whether ■ or not the appellant had assumed some control over the gas water heater. The evidence was proper, and if appellant desired a restriction as to its application, it should have tendered such an instruction. *City of LaFayette* v. *Weaver* (1883), 92 Ind. 477; *City of Delphi* v. *Lowery, Admx.* (1881), 74 Ind. 520, 39 Am. Rep. 98; *Chicago, etc., R. Co.* v. *Mitchell* (1916), 184 Ind. 383, 110 N. E. 215.

It is further objected by appellant that there was error in admitting evidence by Mr. Millender, intended to prove by subsequent events antecedent ■ negligence. The specific evidence so introduced is as follows:

"Q.   Did you suffer any ill effects that day (referring to the following Monday after the alleged gassing)?

"A.   No I did not."

We think this evidence falls within the rule that when the existence of an object, condition, quality or tendency at a given time is in issue, both the prior and subsequent existence of it is, in human experience, some evidence of its existence at the time in question. *Chicago, etc., R. Co.* v. *Mitchell, supra.*

Further objection is made to the following question and answer propounded to and answered by Mr. Miller:

"Q. Did he (Mr. Millender) get gassed that day (referring to the week after the accident) that you know of?
"A. No."

This answer was stricken out by the court, the objection was made and overruled by the court, but the witness did not again answer the question, and the answer is not in the record. Appellant was not harmed thereby.

Appellant questions the ruling of the court in the admission of evidence by Dr. Altier relative to injuries suffered by appellee but not alleged in the complaint, and upon which no issue was made. The specific testimony to which the objection is made is that he was permitted to testify concerning brain injury. As was stated by the trial court, this evidence was proper under the allegations of the complaint as to nervousness and sleeplessness which might arise from an affliction of the brain.

Appellant fails to direct any point, authorities or argument to the matter of excessive damages, hence waives that objection.

The case was fairly tried, the jury properly instructed, and a just conclusion reached. We find no reversible error.

Judgment affirmed.

Curtis, J., not participating.

NOTE.—Reported in 24 N. E. (2d) 817.