(83 N. W. Rep. 7.)

---

JOHN WELTER *vs.* WILLIAM C. LEISTIKOW.

Opinion filed May 16, 1900.

**New Trial—Inapplicable Instructions.**

> A verdict is properly set aside, and a new trial granted, where the instructions were not applicable under the evidence, and tended to mislead and confuse the jury. The fact that such instructions may state correct legal propositions in no manner changes the rule.

Appeal from District Court, Walsh County; *Sauter,* J.

Action by John Welter against William C. Leistikow. Verdict for plaintiff. From an order granting a new trial, plaintiff appeals. Affirmed.

*Spencer & Sinkler,* for appellant.

*Swiggum & Myers,* for respondent.

BARTHOLOMEW, C. J. This is an appeal from an order granting a new trial in an action tried before a jury, and in which a verdict had been returned for plaintiff. That verdict was set aside, and plaintiff appeals. There is nothing in the case to advise us upon what particular ground a new trial was granted. The motion for the same covered a multitude of grounds, but, as there was an irreconcilable conflict in the evidence, we conclude that the court based its order upon supposed errors in the instructions. Error was urged as to the greater portion of the instructions given. This action was upon an account to recover for some threshing which the plaintiff claimed to have done for defendant in 1894. The answer was a general denial.

To understand the attack made upon the instructions, some portion of the testimony must be given. Plaintiff in his examination in chief testified as follows: "I owned and operated a threshing machine during the threshing season of 1894. Did threshing for the defendant, Leistikow, on the 24th day of August of that year. Made the contract to do the threshing with Mr. Leistikow in the office of his mill, in the City of Grafton, about a week or ten days before the date mentioned. I went in there, and asked him for the job of doing his threshing. He said, 'The wheat was not quite fit to thresh yet; it was a little soft;' but he agreed to let me have the job, and said that as soon as it was ready to thresh he would let me know. The threshing was done on what was known as the 'Schuman Farm.' On the 23d day of August, 1894, Mr. Leistikow sent Mr. Hall out to me where I was threshing, on my brother's farm, and he asked me if I could get ready to go onto Mr. Leistikow's farm in the morning, and I told him, 'Yes.' He said, 'All right, I have got to go and

get teams to take the wheat from the machine,' and he drove off. Mr. Hall was at that time, I think, Mr. Leistikow's wheat buyer at the mill." On rebuttal, he reiterated as follows: "I made the bargain for this threshing myself with Mr. Leistikow in Mr. Leistikow's mill office in Grafton." The defendant testified as follows: "Know John Welter, the plaintiff. Knew him in summer and fall of 1894. There never was a word that year or any other year regarding any threshing, and when he says he saw me he simply lies. Plaintiff's father, Nicholas Welter, came to me some time in the neighborhood of the 20th to the 22d of August, 1894, and inquired if I had hired any one to do my threshing on the Schuman land. I told him I had hired John Dipple. He said, 'My machine is lying up doing nothing, and I want to get it started, and I would like your job.' I said, 'I can't give it to you, Nick, because I have promised it to John Dipple; he was here a day or two ago.' He said, 'Leistikow, I owe you a note, and can't pay it unless you let me do the threshing.' John Welter was not there at that time. I told Mr. Welter that Dipple offered to do the threshing for 8 cents, which was, I understood, the regular price; and, further, that I would have to find out first whether Dipple would relinquish me from the promise I had made him that he could do the threshing. After that I sent James Hall out to see whether Dipple would consent to let me off, because I wanted to pay the threshing, if possible, through the Welter note." This witness also testified that about 10 days after the threshing was done, at the request of Nicholas Welter, and in his presence, he indorsed the amount of the threshing account on Nicholas Welter's note. There is no other evidence whatever in the record relating to the making of any contract for the threshing. There is no claim by either party that the contract was made in any other manner. It was made by the defendant, Leistikow, in person, and the main question for the jury's determination was whether it was made with John Welter or Nicholas Welter. There is no claim in the case that there was any contract made by agent. It will be noticed that what Hall said to John Welter would be equally applicable in either case. If the contract were as John Welter testifies, it would be a notification that the wheat was ready for threshing. If the contract were as Leistikow testifies, it would be a notification that Dipple released Leistikow from the former contract. Hall testified that when he went out where the machine was running John Welter was running the engine, and he did not see Nicholas Welter. Plaintiff's testimony emphatically repudiates the idea that any contract was made at that time, or that he at any time made the contract with Hall as agent for Leistikow. It is equally certain that John Welter is not claiming under any contract made by Nicholas Welter, but for plaintiff's benefit, with Mr. Leistikow. There is, then, no possible question of agency that is at all material in this case.

The following quotations from the charge were excepted to, and the giving thereof is assigned as error: "Now, gentlemen of the jury, in this case there are a number of matters upon which the court

will charge you in reference to the question of agency, so that you may, in arriving at your verdict, know the law concerning the questions of agency, which are somewhat involved in' this case." This was clearly given under a misapprehension of the testimony. And again the court said: "Now, you are instructed in this case, gentlemen of the jury, if you find that the defendant did make a contract with Nicholas Welter, the father of the plaintiff, to do the threshing, but that afterwards the plaintiff and defendant did enter into a contract, and that the contract was made with the defendant's agent, then, in that case, the plaintiff would be entitled to recover." This is a correct proposition of law, but has no application to the case. After fixing the amount of recovery under the last instruction, the court added: "Providing that you do not find that the contract was entered into between the defendant and Nicholas Welter, and that Nicholas Welter was authorized by the plaintiff in this action, John Welter, to so contract, and to hold himself out to the defendant as the owner of the machine, and made the contract with the defendant, Leistikow, to do the threshing, and you further find that the plaintiff in this action, John Welter, permitted the said Nicholas Welter to so hold himself out, then, of course, the plaintiff in this case cannot recover, providing you find that the contract was made between the defendant and Nicholas Welter." This is worse than inapplicable. It is an incorrect proposition of law, because, by indirection, it tells the jury that although Nicholas Welter made the contract, and held himself out as the owner of the machine, yet, if John Welter did not authorize him so to do, he (John) could nevertheless recover under the contract thus made. Of course, the learned trial court never intended to so instruct the jury, but the charge is clearly and easily susceptible of such construction. Doubtless, further consideration convinced the trial court that an error had been made in instructing upon this matter of agency, and for that reason a new trial was granted. The order granting a new trial is affirmed. All concur.