VANDALIA RAILROAD COMPANY *v.* FRY.

[No. 9,755. Filed April 25, 1919.]

1. TRIAL.—*Instructions.*—*Directing Verdict.*—Refusal of a requested instruction directing a verdict for defendant is proper, where there is some evidence to sustain every element essential to plaintiff's right of recovery. p. 88.

2. APPEAL.—*Review.*—*Refusal of Instructions.*—It was not error for the court to refuse requested instructions which, in so far as correct, were substantially covered by instructions given by the court on its own motion. p. 88.

3. TRIAL.—*Instructions.*—*Cure of Omissions.*—In an action for personal injuries, the giving of an instruction failing to inform the jury as to certain facts bearing on plaintiff's contributory negligence was not error, where the jury was fully instructed on that issue by other instructions given. p. 88.

4. NEGLIGENCE.—*Contributory Negligence.*—The negligence of an injured party, to defeat his right of recovery, must be a proximate and not a remote cause of the injury, though it is not neces-

sary that such negligence shall have been the sole cause, but it is sufficient if it forms part of the efficient cause thereof.  p. 89.

5.  APPEAL.—*Review.—Instructions.—Consideration as a Whole.*— In order to determine whether instructions are misleading, they must be considered as a whole, and not in detached portions. p. 89.

6.  MASTER AND SERVANT.—*Injuries to Servant.—Employers' Liability Act.—Negligence of Fellow Servant.*—Under the Employers' Liability Act (Acts 1911 p. 145, §§8020a-8020k Burns 1914) the failure of a fellow servant to exercise reasonable care is deemed to be a breach of duty on the part of the master.  p. 90.

7.  MASTER AND SERVANT.—*Injuries to Servant.—Employers' Liability Act.—Use of Defective Equipment.*—Under the Employers' Liability Act (Acts 1911 p. 145, §§8020a-2080k Burns 1914), the mere fact that an injured servant uses defective equipment, accompanied by apparent danger in some degree, is not conclusive on the question of contributory negligence, as the conditions may be such that reasonable minds might differ as to the feasibility of safely encountering such danger, or such that any person of reasonable prudence might believe that it could be safely encountered.  p. 90.

8.  MASTER AND SERVANT.—*Injuries to Servant.—Employers' Liability Act.—Defective Equipment.—Contributory Negligence.—Jury Questions.*—In an action under the Employers' Liability Act (Acts 1911 p. 145, §§8020a-8020k Burns 1914), whether the injured servant was guilty of contributory negligence in using certain equipment, claimed to be openly and obviously defective, *held* in view of the evidence to be a question for the jury.  p. 91.

9.  MASTER AND SERVANT.—*Injuries to Servant.—Employers' Liability Act.—Negligence of Fellow Servant.—Transitory Danger.*— Under the Employers' Liability Act (Acts 1911 p. 145, §§8020a-8020k Burns 1914), the master is chargeable with the negligence of a servant in the discharge of a duty owing to his master, which creates a transitory danger resulting in an injury to a fellow servant.  p. 92.

10.  APPEAL.—*Briefs.—Waiver of Error.*—Causes for new trial to which appellant fails to make any specific reference in its propositions or points, as required by the rules governing the preparation of briefs, are waived.  p. 93.

From Greene Circuit Court; *Theodore E. Slinkard,* Judge.

Action by Lewis M. Fry against the Vandalia Railroad Company.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Samuel O. Pickens, Owen Pickens, R. F. Davidson, Charles W. Moores, D. P. Williams* and *W. V. Moffett,* for appellant.

*Jesse F. Wiseman* and *Davis, Bogart, Royse & Moore,* for appellee.

BATMAN, P. J.—This is an action by appellee against appellant to recover damages for personal injuries alleged to have been received by reason of the negligence of a fellow servant while in the employ of appellant. The complaint is in a single paragraph, and alleges, among other things, that on April 15, 1914, appellant was a corporation engaged in the business of trade and commerce within the State of Indiana, and was employing in its said business at said time five or more persons; that on said date appellee was injured while in the employ of appellant in its said business by the negligence of one William Brashear, who was also an employe of appellant and a fellow servant of appellee at said time; that at the time appellee received his alleged injuries he and the said Brashear were engaged in placing a drawbar in one of appellant's cars; that in performing said work it was customary and necessary for certain bolts, known as carrying arm bolts, to be driven through certain timbers on the end of the car in such manner as to hold the chain, used in moving or swinging said drawbar into its proper place, and to prevent said chain from slipping or rolling over the bolts; that on the occasion in question the said Brashear drove the bolts through said timbers on the end of the car for such purpose, and then placed the chain over said bolts and fastened the same around said drawbar while appellee raised and held one end of the same; that appellee then undertook to swing

or push said drawbar around and into its proper place, when it fell and injured his foot, by reason of the carelessness and negligence of said Brashear in failing and refusing to drive the bolts through said timbers in such manner as to prevent said chain from slipping over the same. Issues were duly joined on the complaint, after which the cause was submitted to a jury for trial, resulting in a verdict and judgment in favor of appellee. Appellant filed a motion for a new trial which was overruled, and has assigned this action of the court as the sole error on which it relies for reversal.

Appellant complains of the action of the court in refusing to give certain instructions requested by it.

1. Instruction No. 1 so requested, if given, would have directed the jury to return a verdict in favor of appellant. As there is some evidence to sustain every element essential to appellee's right of recovery, it would have been error to give said instruction. *Vandalia R. Co.* v. *Parker* (1916), 61 Ind. App. 146, 111 N. E. 637. As to the remaining instructions requested by appellant, we find that in so far as they state the law correctly they are

2. substantially covered by instructions given by the court on its own motion. Therefore the court did not err in refusing to give the same. *Chicago, etc., R. Co.* v. *Mitchell* (1916), 184 Ind. 383, 110 N. E. 215.

Appellant contends that the court erred in giving instruction No. 5 on its own motion. It bases this contention on the fact that said instruction omits

3. to inform the jury as to certain facts bearing on appellee's contributory negligence. This contention is not well taken as the jury was fully in-

structed in that regard by other instructions given. Under these circumstances there was no error in giving said instruction. *Home Tel. Co.* v. *Weir* (1913), 53 Ind. App. 466, 101 N. E. 1020.

Appellant predicates error on the action of the court in giving instructions Nos. 6 and 9 on its own motion. It claims that each of these instructions is erroneous, because they placed on appellant the burden of proving that appellee's negligence was the proximate cause of his injury, while the rule is that there can be no recovery in an action based on negligence if the negligence of the complaining party contributed in any way thereto. It is well settled that, in order for the negligence of an injured party to defeat his right of recovery, such negligence must be a proximate and not a remote cause of the injury. It is not necessary that it shall have been the sole cause, but it is sufficient if it enters into and forms part of the efficient cause thereof. 20 R. C. L. 136; 29 Cyc 526; *Indiana Stone Co.* v. *Stewart* (1893), 7 Ind. App. 563, 34 N. E. 1019; *Indianapolis Traction, etc., Co.* v. *Kidd* (1906), 167 Ind. 402, 79 N. E. 347, 7 L. R. A. (N. S.) 143, 10 Ann. Cas. 942. In order to determine whether the jury could have been misled by either of said instructions with reference to the effect of any negligence of appellee, which may have been only a concurring proximate cause of the injury, we must consider the instructions as a whole, and not in detached portions. *Cullman* v. *Terre Haute, etc., Traction Co.* (1915), 60 Ind. App. 187, 109 N. E. 52. We observe that the jury was informed by another instruction given by the court on its own motion, that contributory negligence on the part of appellee which

caused, or *partly* caused, his injuries, was a complete defense to the action.   In view of this fact, it is apparent that the jury could not have been misled by the language used in either of said instructions, and hence there was no reversible error in giving the same.

Appellant finally contends that the verdict is not sustained by sufficient evidence and is contrary to law.   It urges, among other things, that the evidence fails to show that it was guilty of the acts, or either of the acts, of negligence, charged in the complaint.   One of the acts of negligence charged in the complaint is that appellant's servant, Brashear, who was a fellow servant of appellee, carelessly and negligently failed and refused to drive the carrying arm bolts through certain timbers of the car, in such manner as to prevent the chain, used in placing the drawbar in position, from slipping over said bolts, and thereby allowing the drawbar to fall and injure appellee.   As this is an action under the Employers' Liability Act, Acts 1911 p. 145, §§8020a-8020k Burns 1914, the failure of appellee's fellow servant, Brashear, to exercise reasonable care for appellee's safety, is deemed to be a breach of duty on the part of appellant.   *J. Wooley Coal Co.* v. *Tevault* (1918), 187 Ind. 171, 118 N. E. 921, 119 N. E. 485.   There is some evidence tending to sustain this charge of negligence, which is sufficient in that regard.

It is further contended that the evidence shows that appellee's negligence materially and proximately contributed to his injury.   This contention is based on the fact that the condition of the carrying arm bolts holding the chain was open and obvious to appellee.   Admitting, without deciding, that

the condition of such carrying arm bolts was so open and obvious that appellee in the exercise of ordinary care for his own safety under the circumstances disclosed by the evidence ought to have observed the same, it does not necessarily follow that appellee was guilty of contributory negligence in proceeding with his work as he did. This court has held in a comparatively recent case, prosecuted under the Employers' Liability Act of 1911, *supra,* that the mere fact that an injured servant uses defective equipment, accompanied by an apparent danger in some degree, is not conclusive on the question of contributory negligence, as the conditions may be such that reasonable minds might differ as to the feasibility of safely encountering such danger, or such that any person of reasonable prudence might believe that it could be safely encountered. *Standard Steel Car Co.* v. *Martinecz* (1916), 66 Ind. App. 672, 113 N. E. 244, 114 N. E. 94. In the instant case there is evidence which tends to prove that the carrying arm bolt which appellee drove through the car timber extended above the same six or seven inches; that the carrying arm bolt which the said Brashear drove through the car timber extended above the same about an inch and a half; that the chain placed over said bolts and under the drawbar was composed of links about an inch long, and a little larger than a pencil. Under these circumstances, and the rule stated *supra,* it cannot be said that the evidence shows conclusively that appellee was guilty of contributory negligence, even if it could be said that it was his duty to observe the condition of the bolts in the exercise of ordinary care for his own safety.

It is also contended that the unsafe condition which caused appellee's injury was a transitory one, arising in the progress of the work, by the manner in which appellee and his fellow servant, Brashear, discharged duties owing by them to appellant. It may be conceded that the undisputed evidence shows that the condition which resulted in appellee's injury was a transitory one, but there is evidence which tends to show that such condition was produced solely by the negligence of the said Brashear. The question arises, Is a master, in an action prosecuted under the Employers' Liability Act of 1911, *supra,* chargeable with the negligence of a servant in the discharge of a duty owing to his master, which creates a transitory danger, resulting in an injury to a fellow servant? Appellant has cited a number of decisions of this and the Supreme Court in support of its contention that the master is not liable under such circumstances. These decisions support the general rule applicable to cases prosecuted under the common law that where a master provides for his servants a safe place in which to work, and safe appliances with which to work, he is not liable for transitory dangers produced by the manner in which the work is done. It is apparent, however, that this rule can have no application in a case, prosecuted under an act abrogating the fellow-servant rule, where the complaint charges, and the evidence tends to prove, that the transitory danger was the result of the negligence of a fellow servant. Section 1 of the act under which this action is prosecuted abrogates the common-law defense based on the negligence of a fellow servant, in the class of cases to which this action belongs. §8020a Burns 1914, Acts 1911 p. 145.

In such cases the negligence of the fellow servant is deemed to be a breach of duty on the part of the master. *J. Wooley Coal Co.* v. *Tevault, supra; Chicago, etc., R. Co.* v. *Mitchell, supra; Chicago, etc., R. Co.* v. *Mitchell* (1916), 184 Ind. 588, 110 N. E. 680. It follows that appellant cannot escape liability in this case by an application of the rule which it seeks to invoke.

Appellant has waived all other reasons for a new trial, stated in its motion therefor, by failing to make any specific references thereto in its propositions or points, as required by the rules governing the preparation of briefs. *Buffkin* v. *State* (1914), 182 Ind. 204, 106 N. E. 362; *Merchants Nat. Bank* v. *Nees* (1916), 62 Ind. App. 290, 110 N. E. 73, 112 N. E. 904. We find no reversible error in the record. Judgment affirmed.