EARLE ET AL. v. PORTER.

[No. 16,743.   Filed March 24, 1942.   Rehearing denied May 26, 1942.   Transfer denied September 18, 1942.]

*Owen S. Boling, Frank A. Symmes, Charles W. Symmes,* and *Wray O. Fleming,* all of Indianapolis, for appellants.

*Gilbert W. Butler,* of Martinsville, and *Floyd W. Burns, Thomas E. Garvin,* and *Scott Ging,* all of Indianapolis, for appellee.

FLANAGAN, J.—This is an action brought by appellee against appellant, based on alleged negligence, to recover damages alleged to have been caused by a collision on the 23rd day of August, 1938, between 1:00 p. m. and 2:00 p. m., between an automobile driven by appellant Harry A. Earle, servant of appellant The National Refining Company, and an automobile driven by appellee, at the intersection of State Highway 67 and Mulberry street within the Town of Marco, Indiana. Appellant Earle was driving south on highway 67, which was a paved preferential highway, and appellee was driving east on Mulberry street, an unpaved nonpreferential highway.

The jury returned a verdict for the appellee in the sum of $5,000 and judgment was rendered thereon. The sole error assigned is the overruling of appellants' motion for a new trial. The causes alleged for a new trial and not waived are: (1) The insufficiency of the evidence; (2) error in the giving and refusing of cer-

tain instructions; (3) error in the admission of certain evidence; and (4) excessiveness of damages assessed.

There is evidence of the following facts: Road 67 to the north curves just before reaching this intersection so that the farthest an approaching car can be seen is 658 feet. As appellee approached the intersection he stopped about 10 or 12 feet from the intersection, at a place where he could see traffic approaching from either direction, and looked in both directions but saw no approaching traffic. He then proceeded. At about the same time two persons started across the highway a block south. They looked to the north, saw appellee's car but likewise saw no car approaching from the north. When appellee reached about the center of the intersection his car was hit at the right rear wheel by appellant Earle with sufficient force that appellee's car was turned three-fourths around and pushed off the pavement into an embankment, and appellee was thrown out of the car onto the pavement whereby he suffered severe injuries.

Appellant Earle testified that he was going 50 miles an hour when he was 200 feet away from the intersection, which is the point where the Town of Marco begins; that he put on his brakes when he was 150 feet from the intersection and kept them on until the collision. His tires skidded according to the skid mark measurements 67 feet before hitting appellee's car and 29 feet after the impact. One witness who saw appellant's car just before it hit appellee's car, and while it traveled a distance of 40 or 50 feet, estimated its speed at that time at between 50 and 65 miles per hour. On one corner of the intersection was a business property and on two other corners were residences.

We think the above evidence amply supports the charge of excessive speed alleged in the complaint and

supports the finding of the jury that appellee was not guilty of contributory negligence.

Appellants allege that several of the instructions are not applicable to the evidence because there is no evidence of excessive speed or that the intersection was in a business section or residential portion of Marco. From what we have above said, and from the evidence we have above related, it is clear that the instructions are not faulty for such reasons.

Appellants say that appellee's tendered instruction numbered 1 was erroneous because it permitted the jury to consider and give weight to a presumption. We do not think the instruction subject to such criticism. As a part of this instruction the court does quote part of the statute regarding speed on highways which was in force at the time of the accident (§ 47-516, Burns' 1933, § 11169, Baldwin's 1934), includng the provision that certain speeds under certain conditions shall be *prima facie* evidence that the automobile is running at a rate of speed which is greater than is prudent. The court, however, does not instruct the jury that it may consider any such rate of speed as such *prima facie* evidence or consider any presumption. Quite to the contrary, this instruction tells the jury that in determining whether the defendant was operating his automobile at a greater speed than was reasonable or prudent it should take into consideration all facts bearing on that subject as shown by the evidence. In view of the fact that the jury was carefully and correctly instructed we do not believe that the jury was misled by the quotation from the statute.

Appellee's tendered instruction numbered 2 is objected to by appellants on the grounds that it tends to

limit evidence to be considered by the jury on the question of contributory negligence to that adduced by the appellants. We find no merit in this objection, for the court, in appellants' tendered instructions numbered 1 and 2, which were given, specifically instructed the jury that on the question of contributory negligence it should consider all the evidence, whether introduced by one party or the other.

Appellee's tendered instructions numbered 3 and 4 were to the effect that the fact that appellant Earle was driving on a preferential highway did not relieve him of the duty to exercise reasonable care. These instructions are correct and proper statements of the law as determined by this court in the cases of *Lindley* v. *Skidmore* (1941), 109 Ind. App. 178, 33 N. E. (2d) 797; *Kraning* v. *Bloxson, Admx.* (1937), 103 Ind. App. 660, 5 N. E. (2d) 649, 9 N. E. (2d) 107; *Standard Oil Co. of Ind.* v. *Thomas* (1938), 105 Ind. App. 610, 13 N. E. (2d) 336; *Blasengym* v. *General Accident, etc., Corp.* (1929), 89 Ind. App. 524, 165 N. E. 262; *Gaines* v. *Taylor* (1933), 96 Ind. App. 378, 185 N. E. 297.

Appellee's tendered instruction numbered 5 was to the effect that one who has come to a full stop at a preferential highway, in determining whether he may safely avail himself of the right to cross over it, is not bound to antcipate a sudden violation of any statute by others using the highway which would involve a danger to him not then apparent. We think this is a correct statement of the law. A similar instruction was approved in the case of *Kraning* v. *Bloxson, Admx., supra.* There is some evidence that appellant Earle suddenly appeared from around the curve and into the Town of Marco at an unlawful rate

of speed. We think the instruction was applicable to that evidence.

Appellants complain of the refusal of the trial court to give several of their tendered instructions on contributory negligence which included the phrase, "if you further find that plaintiff's negligence contributed however slight (or in the slightest) to cause his injuries, etc." The court gave the exact instructions of its own motion, deleting the words "however slight" and "in the slightest" and inserting the word "directly." The court also gave one instruction tendered by the appellee in which the word "directly" was similarly used. Appellants complain of the use of the word "directly" in each of such instructions.

Our Supreme Court in the case of *Swanson* v. *Slagal, Administratrix* (1937), 212 Ind. 394, 8 N. E. (2d) 993, approved the test of "substantial factor" as applied to proximate cause. While the discussion in that case concerned proximate cause as applied to actionable negligence, it is elemental that the same legal standard of proximate cause applies to contributory negligence. 38 Am. Jur., p. 898, § 213.

The word "substantial" as so used is defined in Restatement of the Law of Torts, Vol. 2, '§ 431, p. 1160, as denoting the fact that the negligent act:

"has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense in which there always lurks the idea of responsibility, rather than in the so-called 'philosophic sense,' which includes every one of the great number of events without which any happening would not have occurred. Each of these events is a cause in the so-called 'philosophic sense,' yet the effect of many of them is so insignificant that no ordinary mind would think of them as causes."

In the recent case of *Cousins* v. *Glassburn* (1940), 216 Ind. 431, 438, 24 N .E. (2d) 1013, our Supreme Court had before it the question as to whether the word "materially" could be used in an instruction on contributory negligence instead of the word "proximately." It said:

"The appellant insists that the use of the word 'materially' instead of the word 'proximately' constitutes reversible error. Webster's New International Dictionary gives the following common definition for the word 'materially,' 'In .an important manner or degree; substantially.' Ballentine's Law Dictionary states that 'to contribute is to help to cause or to furnish some aid in causing the result.' The failure to use the word 'proximate' in defining 'contributory negligence' does not constitute error if other words are used which exclude the idea of a remote, *indirect* or insignificant causal connection between the negligence and the accident." (Our italics.)

It follows from the above discussion that the trial court did not commit reversible error in using the word "directly" nor in refusing to give instead the instructions with the phrases "in the slightest" or "however slight."

Appellants next complain of the admission of evidence as to loss of income as a physician by appellee and to appellee's tendered instruction numbered 8 which permitted the jury to consider loss of time from his professional practice in fixing the amount of appellee's damage. Appellants contend such loss constituted special damages and was not specially pleaded. The complaint alleges however that the plaintiff was incapacitated and rendered unable to carry on his profession as a physician. We think this clearly is an allegation of damage from loss of time and income as a physician.

Appellant further complains of appellee's tendered instruction numbered 8 because it permits appellee to recover for mental suffering. The complaint alleged and evidence was introduced to prove that appellee suffered an injury to the brain with resultant mental suffering directly attributable to the physical injury. Appellee was entitled to recover for such mental suffering. *Indianapolis St. R. Co.* v. *Ray* (1906), 167 Ind. 236, 78 N. E. 978.

An examination of all the instructions given and refused discloses that the jury was fully and fairly instructed on all the issues.

Appellants finally contend that the damages were excessive because appellee's tendered instruction numbered 8 above discussed permitted the jury to consider improper elements of damage. What we have already said concerning that instruction disposes of this contention.

We find no reversible error in the record.

Judgment affirmed.

Blessing, J., concurring.

NOTE.—Reported in 40 N. E. (2d) 381.