James B. SPALDING, Jr., Plaintiff
and Appellant,

v.

Orlando LOYLAND, Defendant
and Respondent.

No. 8180.

Supreme Court of North Dakota.

Dec. 31, 1964.

Rehearing Denied March 2, 1965.

O'Grady & Edwards, Grand Forks, for plaintiff and appellant.

Letnes, Hansen & Murray, Grand Forks, for defendant and respondent.

W. C. LYNCH, District Judge.

This appeal is from a judgment entered in favor of the defendant and against the plaintiff on the 23d day of January, 1963, and from the trial court's order denying the plaintiff's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial.

The case was heard by the Supreme Court of the State of North Dakota on September 1, 1964.

The record reveals that the defendant testified, in substance, on cross-examination that, between 10:30 and 11 a. m. the morning of March 14, 1962, he was driving a half-ton pickup in a westerly direction on U. S. Highway No. 2; that it was a somewhat cloudy day with fair visibility; that there is a ravine approximately three miles east of what is known as "Larimore Corner" on U. S. Highway No. 2, and just east of this ravine there were patches of ice and snow on the blacktop road. At a point about a mile and a half from this ravine, the vehicle driven by the plaintiff passed the defendant's vehicle and pulled back onto the right side of the road. The plaintiff's vehicle continued ahead of the defendant until it disappeared into the ravine, at which time the defendant was approximately fifty to sixty rods behind the plaintiff's vehicle and the defendant was driving at approximately thirty to thirty-five miles an hour. The defendant judged the distance from the top of the hill to the bottom of the ravine to be about fifteen to twenty rods. The defendant testified that a side road intersected Highway No. 2 about ten rods from the top of the ravine and that, as he reached the top of the ravine, he observed the plaintiff's vehicle about halfway down the hill, about one hundred feet from the crossroad. He also observed a road grader and another vehicle proceeding west, both of these vehicles being on the north, or right-hand, side of the road with the grader, or snowplow, in front and another vehicle following, the snowplow being at a point about halfway between the side road and the bottom of the ravine. He also observed the plaintiff's vehicle behind the other vehicle which was, in turn, following the snowplow. Mr. Loyland, the defendant,

testified that, as he drove over the crest of the hill coming into the ravine, the condition of the road was rather icy and rough, with ice being on both sides of the road but more on the north side than on the south side of the road. Mr. Loyland testified that, as he came over the top of the hill and into the ravine, he wasn't sure whether the snowplow and the vehicle immediately behind it were moving, but he did observe the plaintiff's car moving at a point about ten rods behind the vehicle following the snowplow. Mr. Loyland testified that he observed the plaintiff's vehicle move to its left and across the centerline of the road with its two left wheels. The defendant testified that he did not see any turn signal on the plaintiff's vehicle at the time the plaintiff's vehicle moved across the centerline with its two left wheels and then back to the right-hand lane. At the time the plaintiff's vehicle returned to its own lane of traffic, there was at least a car length between the plaintiff's vehicle and the vehicle in front of the plaintiff. The defendant testified that he did not see any brake lights on the plaintiff's car at any time. On cross-examination, the defendant testified that, as soon as he noticed the plaintiff's vehicle moving out toward the centerline, he started applying his brakes; that he had started down the hill; that he wasn't sure how far he had gone but that it was "just over the top of the hill." However, on direct examination, the defendant testified he applied his brakes at the time he saw the plaintiff's vehicle going back into its own lane. The defendant testified that, as soon as he started to apply his brakes, his pickup started sliding sideways on the ice and, "in that movement, I let up a little then pressed again and tried to stop by pumping the brakes a little rather than holding them in all the time." The defendant further testified that the rear end of his vehicle started to go sideways toward the north ditch, and from that point on he was unable to stop his vehicle and that the front end of his vehicle collided with the rear end of the plaintiff's vehicle.

The collision took place in the north lane, at which time the plaintiff's vehicle was heading in a westerly direction completely in his own, or the north, lane. At the time of the collision, the plaintiff's vehicle was moving.

The defendant further testified that, about halfway down the ravine, he observed a car coming toward him from the opposite direction and going east, and that when he first observed the car it was about halfway down the rise to the west of where the accident occurred.

In an action arising out of the collision, the defendant entered a plea of guilty to the charge of failing to exercise the care required.

The Highway Patrolman, Mr. Ness, testified that he investigated the accident. The Highway Patrolman stated that he talked with the plaintiff, Mr. Spalding, at the scene of the accident and that Mr. Spalding stated that his speed at the time of the accident was less than five miles an hour. The Patrolman further stated that he talked with the defendant, Mr. Loyland, at the scene of the accident and Mr. Loyland stated that his speed was less than forty miles an hour at the time of the accident. The Patrolman testified that he measured the distance from the crest of the hill east of the ravine where the accident happened down to the township road and the area from the township road on down to the bottom of the ravine. The Patrolman testified that, from the crest, or top, of the hill down to the east edge of the township road, which was the vicinity in which the collision occurred, the distance was 292 paces; that the approximate distance of his pace is three feet.

Mr. Spalding, the plaintiff, testified that, on the day of the collision, the sun was shining and visibility was very good; that he passed the defendant's vehicle prior to reaching the ravine where the collision occurred and returned to his right-hand lane; that because of the condition of the

road he reduced his speed to between thirty and thirty-five miles an hour at the crest of the ravine; that, as he came to the crest of the ravine, he observed the snowplow entering Highway No. 2 from the township road and that the snowplow was proceeding in a westerly direction; that there were two cars between him and the snowplow and there was a distance of about two car lengths between the snowplow and the car immediately to the rear of the snowplow.

Mr. Spalding testified that he observed brake lights from the car closest to him and that he began to apply his brakes and continued to apply his brakes in pumping fashion; that he saw that there was not as much ice cover on the south lane and he edged his vehicle over slightly beyond the centerline so that the left two wheels were in that area and, after having slowed down sufficiently, he returned to his own lane of traffic, at which time he was proceeding at about ten miles an hour; that at the time he returned to his own lane of traffic he still was several car lengths from the next vehicle in front of him.

Mr. Spalding testified that he went the equivalent of two or three car lengths from the time he had re-entered his own lane until his vehicle was struck in the right rear by the defendant's vehicle. Mr. Spalding testified that he observed one or two oncoming vehicles down the opposite slope on the other side of the ravine in the east-bound lane.

The foregoing, in substance, was the pertinent testimony presented to the jury at the trial.

The appellant, Spalding, alleges that the trial court erred:

1. In denying plaintiff's motion for a directed verdict at the close of the defendant's testimony and in not submitting the case to the jury on the sole issue of the plaintiff's damages.

2. In denying plaintiff's motion for judgment notwithstanding the verdict and in denying the plaintiff's motion for a new trial.

3. In refusing to give plaintiff's requested instruction No. 2, which was as follows:

"The Defendant has alleged that if the Plaintiff, James B. Spalding, Jr., was injured as a result of this accident that he was guilty of contributory negligence which proximately contributed to the happening of the accident and the injury complained of. This is an affirmative defense which the Defendant must prove by a fair preponderance of the evidence and the Court instructs you that there has been no credible evidence shown by the Defendant in this case in that regard and you are instructed to disregard that defense."

4. In submitting the following instructions:

"a. With reference to the claim of the Defendant that the Plaintiff's damages were caused by contributory negligence of the Plaintiff the burden of proof is upon the Defendant to establish by a fair preponderance of the evidence that the contributory negligence of the Plaintiff was a proximate cause of the alleged injuries and damages of the Plaintiff.

"b. By 'contributory negligence' is meant negligence or want of ordinary care on the part of the one damaged which contributes to the damages complained of. In other words, contributory negligence, within the meaning of the law of negligence, is negligence on the part of a person injured, cooperating in some degree, though slight, with the negligence of another, which helps in proximately causing the damages complained of. One who is guilty of negligence may not recover from another for the damages suffered. The reason for this rule of law is not that the fault of one justifies the fault of another, but simply that under our law there can be no apportionment of blame

and damages if both parties involved are guilty of negligence proximately causing the injury.

"c. Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway except as follows: 'When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement; * * *'". (39-10-08).

5. In refusing to give the following plaintiff's requested instructions:

"Instruction No. 4.—If under the Court's instructions, you should find that the Plaintiff, James B. Spalding, Jr., is entitled to a verdict, in arriving at the amount of the award, you shall determine the reasonable value not exceeding the cost to the Plaintiff, of the examinations, attention and care by physicians and surgeons constantly required, and actually given in the treatment regarding Plaintiff and reasonable [sic] certain to be required and to be given in his future treatments.

"Instruction No. 5.—The amount of the general damages which you will assess is left to your judgment and discretion, considering the proper elements of damages, which are as follows: Adequate compensation for all of the physicial and mental pain and suffering which the Plaintiff suffered at the time of the accident, which he has suffered since that time, and which he is reasonably certain to suffer in the future by reason of his injuries; he is entitled to recover for the mortification and anguish of mind which he has suffered and will suffer by reason of any permanent injuries you find he sustained and the fact that he may be an object of curiosity among his fellows.

"Instruction No. 6.—If you find under these instructions the Plaintiff, James B. Spalding, Jr., is entitled to

a verdict, you should include into your verdict such sum as will compensate the Plaintiff reasonably for any pain, discomfort, fears, anxiety and other mental and emotional distress, if any, suffered by him and proximately resulting from the injury in question and for such like detriment, if any, as he reasonably is certain to suffer in the future from the same cause.

"The law does not permit in an action such as this, to recover compensation for mental suffering alone. To be an element of damage which you are authorized to consider, mental distress, including fear, anxiety, or any other emotional factor, must be incidental to a physical injury either as a cause, effect or an inherent involvement.

"In this connection, however, you are instructed that a definite disturbance or disorder of the nervous system, whether caused by bodily impact or mental shock, is classified as a physical injury.

"Instruction No. 7.—You are instructed that, if you find the issues for the Plaintiff, James B. Spalding, Jr., you may take into consideration, in assessing his damages, the impairment of his power to work, if any, as shown by the evidence, and, if you believe from a preponderance of the evidence that his injuries, if any, have lessened that power, then he is entitled to recover damages therefor, regardless of whether he was engaged in school duties or employment for pecuniary gain, prior to and at the time of the accident.

"Your award, if you find Plaintiff's working power has been impaired, should be predicated upon the Plaintiff's future earning power and his age, skill, training, and experience; you should consider his industry and the Court further instructs that proof

of specific pecuniary loss is not essential."

The appellant further alleges:

That the evidence is insufficient to sustain the verdict for the defendant and that the evidence establishes, as a matter of law—

1. That the defendant was negligent in operating his vehicle, at an excessive speed, following the plaintiff too closely, not having his car under control, and in not operating his vehicle within the assured clear distance ahead;

2. That the plaintiff was free of any negligence; and

3. That the plaintiff was free of contributory negligence.

In the recent case of Grenz v. Werre (N.D.1964) 129 N.W.2d 681, we held, in considering issues such as are raised in this appeal, that the record is to be reviewed in the light of the following well-established rules of law:

1. Questions of contributory negligence and proximate cause are questions of fact for the jury, unless the evidence is such that reasonable minds can draw but one conclusion therefrom, when it becomes a question of law for the court.

2. Where there is a sharp conflict in the evidence relating to any material issue of fact, the verdict of the jury will not be disturbed on appeal.

3. In determining the sufficiency of the evidence to sustain the verdict of the jury, the evidence must be viewed in the light most favorable to the verdict.

4. The credibility of the witnesses and the weight to be given to their testimony are questions of fact for the jury to determine.

5. In considering the specification that the verdict of the jury is contrary to the evidence, the court will assume the truth of the version of the evidence that tends to support the verdict.

6. An instruction complained of, when standing alone or considered by itself, might be erroneous, but it is a salutary rule in this State that, although an instruction standing alone may be insufficient or erroneous, it must be considered in connection with the remainder of the charge; and, if the whole charge taken together correctly advises the jury as to the law, the error, if any, is thereby cured.

As to the defense of contributory negligence, the court submitted the following instructions:

"With reference to the claim of the defendant that plaintiff's damages were caused by the contributory negligence of the plaintiff the burden of proof is upon the defendant to establish by a fair preponderance of the evidence that the contributory negligence of the plaintiff was a proximate cause of the alleged injuries and damages of the plaintiff.

"By 'contributory negligence' is meant negligence or want of ordinary care on the part of the one damaged which contributes to the damages complained of. In other words, contributory negligence, within the meaning of the law of negligence, is negligence on the part of a person injured, cooperating in some degree, though slight, with the negligence of another, which helps in proximately causing the damages complained of. One who is guilty of negligence may not recover from another for the damages suffered. The reason for this rule of law is not that the fault of one justifies the fault of another, but simply that under our law there can be no apportionment of blame and damages if both parties involved are guilty of negligence proximately causing the injury."

The appellant alleges that the use of the term "though slight," in the court's instruction on contributory negligence, is error.

The court did not request counsel to state their exceptions to the instructions and therefore, under Rule 51(c) of the North Dakota Rules of Civil Procedure, the instructions complained of are considered as having been excepted to by the appellant.

The correctness of an instruction such as given in this case or one using similar language has never been decided by this court.

In Clark v. Feldman, 57 N.D. 741, 224 N.W. 167, we held that the court's instruction on contributory negligence was prejudicial because it "practically omitted the element of proximate cause." In this opinion, the following statement was made:

> "The rule is 'that whenever the plaintiff's case shows any want of ordinary care under the circumstances, even the slightest, contributing in any degree, even the smallest, *as a proximate cause* of the injury for which he brings his action, his right to recover is thereby destroyed.'"

This comment was not essential to a determination of the case at hand, was not necessarily involved in the action, and is therefore *dictum*. It is without the force of an adjudication as to the issue of whether the giving of a jury instruction, using the above-quoted language, was proper.

In the case of Ignatowitch v. McLaughlin (1935), 66 N.D. 132, 262 N.W. 352, the court's instruction on contributory negligence was considered, in which the instruction provided,

> "The fact or facts constituting such contributory negligence must be established by a fair preponderance of the evidence, and that the negligence, if any, of the said Ben Ignatowitch contributed in some degree, even though slight, as a proximate cause of the injury causing the death of the said Ben Ignatowitch, * * *;"

we held that the instruction defined "contributory negligence" but did not explain to the jury the effect of contributory negligence on the part of the plaintiff. Again, the wording of the instruction which contained the words "even though slight" was not under attack nor alleged as error, and the court's instructions were held erroneous on other grounds.

Now, however, the giving of the quoted instruction on contributory negligence by the court, using the words "though slight," is alleged as error and the issue is squarely before us.

The words "though slight," as used in the trial court's instruction, do not refer to degree of negligence but rather to the degree any negligence on the part of the plaintiff cooperates with the negligence of the defendant in proximately causing the complained-of damages.

The Indiana Supreme Court, in the case of Huey v. Milligan (1961), 242 Ind. 93, 175 N.E.2d 698, held that an instruction ordering the jury to return a verdict for the defendant, if the plaintiff was guilty of any negligence which proximately contributed "in the slightest degree" to the collision, was error because of the insertion of the quoted phrase. The court pointed out:

> "* * * there is recognized in all the better-reasoned opinions the one common factor—that in order to sustain a defense of contributory negligence the plaintiff must have been guilty of negligence which in more than a slight or remote degree contributed to or helped to produce the injuries;" [numerous cases cited] * * *

The Indiana Supreme Court went on to state:

> "The law recognizes a difference between proximate cause and remote cause; and in defining contributory negligence excludes the idea of a 're-mote', 'indirect' or 'insignificant' causal connection between negligence and the injury. Earle v. Porter, supra, 1942, 112 Ind.App. 71, 79, 40 N.E.2d

381; Vandalia R. Co. v. Fry, supra, 1919, 70 Ind.App. 85, 89, 123 N.E. 124.

"Consequently the negligence of appellee herein could not be both a remote and a proximate contributing cause of the injury. A negligent act which contributes 'in the slightest' to an injury is a remote cause and not a proximate or direct cause."

In considering the correctness of an instruction on contributory negligence in the case of Engen v. Skeels (1931) 60 N.D. 652, 236 N.W. 240, we also held that contributory negligence must contribute directly to the injury and we stated therein:

" * * * Contributory negligence * * * signifies * * * a want of reasonable care and caution on the part of the person injured, which directly contributes to the injury and which is also 'one of the proximate causes of the injury.' "

The Indiana Supreme Court held that the phrase "in the slightest degree" modified the word "contributed" and referred to the causal relationship between the plaintiff-appellant's negligence and the injury. In the case now before us, the phrase "though slight" modifies the word "cooperating" and also refers to the causal relationship between the plaintiff's negligence and the injury.

The Indiana Supreme Court, in the Huey v. Milligan case, supra, cited with approval the Minnesota case of Carlson v. Naddy, 181 Minn. 180, 232 N.W. 3, and pointed out that in that case,

" * * * an instruction which defined contributory negligence as negligence which contributed 'in the slightest degree to the injury' was properly refused, stating that '[a] "correct statement is that the plaintiff's negligence, to prevent a recovery, must contribute proximately to the injury as a cause." ' "

The Minnesota Supreme Court, as early as 1903, in the case of Craig v. Benedictine Sisters Hospital Association, 88 Minn. 335, 93 N.W. 669, held an instruction on contributory negligence that provided: "If * * * [deceased] was negligent in any degree,—even the slightest,—and his negligence contributed in the slightest degree to his death, then the plaintiff cannot recover," to be erroneous.

The giving of an instruction containing the words "though slight" or "although but slightly" or words to the same effect, although once approved by some of the State courts, has now been generally condemned. 87 A.L.R.2d 1391.

 It is the writer's opinion that the giving of an instruction on contributory negligence, using the words "though slight" or similar phrases in referring to the degree which negligence of a party cooperates with or contributes to the negligence of another, in causing the injuries complained of, is error. However, the majority of this court is of the opinion that the instruction given is, under the facts and circumstances of this case, not erroneous but, nevertheless, is the type of instruction that should not be given because of the recognized tendency of such an instruction to confuse and mislead a jury.

We will now consider the errors assigned on the court's instructions in regard to the statutory provisions contained in Sections 39–10–08 and 39–10–38, North Dakota Century Code.

 The instructions are direct quotations from Sections 39–10–08 and 39–10–38. Therefore, there can be no question but that they are correct statements of law. However, the defendant argues that the giving of such instructions was error because the instruction quoting Section 39–10–08 advised the jury that a vehicle could not be driven upon the left half of the roadway except when overtaking and passing another vehicle proceeding in the same direction, whereas in a subsequent instruction the jury was advised of the provision of Section 39–10–38 that:

" * * * No person shall * * * turn a vehicle to enter a private road or driveway, or otherwise turn a ve-

hicle from the direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. * * *"

It is the contention of the plaintiff that the two instructions must be considered together and that the failure to so advise the jury constituted prejudicial error.

After setting forth the State laws which the court in its instructions advised the jury were "applicable to this case," the court further instructed the jury that any violation of any of the provisions of the laws referred to was evidence of negligence. The jury therefore may have found that the plaintiff violated the provisions of Section 39–10–08 without considering the provisions of Section 39–10–38. Under the factual circumstances in this case, the instruction as to the applicable provisions of Section 39–10–08 should not have been given without cautioning the jury that, before they could apply it, they would also have to consider the applicable provisions of Section 39–10–38 and apply the facts as they found them to the law as set forth by the court.

The language used by our court in the case of Knoepfle v. Suko (N.D.), 108 N.W.2d 456, is applicable wherein it was stated:

"Giving instruction predicated on existence of material fact as to which evidence is in direct and substantial conflict, without requiring jury to find from evidence, fact to which instruction is to be applied, as prerequisite to application thereof, constitutes error."

There is no evidence of the plaintiff's turning his vehicle at an intersection or to enter a private road or driveway, but, nevertheless, the instructions set forth Section 39–10–38 which encompasses such a situation.

The court also quoted the following part of Section 39–10–13:

"In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred feet of any vehicle approaching from the opposite direction."

Although there was no evidence whatsoever in the record to which the quoted portion of the statute could apply, nevertheless, it was copied and given. The inclusion in an instruction of inapplicable portions of a statute can only add to the jury's formidable task of applying the law as given to it by the court to the facts as it finds them. For this reason, we find it was error to so instruct.

"A verdict is properly set aside, and a new trial granted, where the instructions were not applicable under the evidence, and tended to mislead and confuse the jury. The fact that such instructions may state correct legal propositions in no manner changes the rule." Welter v. Leistikow, 9 N.D. 283, 83 N.W. 9.

The appellant also assigns as error the failure of the court to give the requested instructions on damages as set forth in plaintiff's requested instructions No. 4, 5, 6, and 7.

The only instruction given by the court as to damages was as follows:

"If from the evidence and under these instructions you find a verdict in favor of the plaintiff the amount of his damage will be such amount as you may determine will compensate him for damage to his automobile and damages for personal injuries, pain and suffering, permanent injuries and expenses incurred or to be incurred on account of the medical treatment, if any, but in no event shall the amount exceed the sum of $51,978.37."

The appellant objects primarily to the brevity of the given instruction and contends that such an instruction, by its text and length, conveyed to the jury the impression that the court was of the opinion that there was no damage or that it did not amount to much.

We cannot say, as a matter of law, that the brevity of this instruction was prejudicial to the plaintiff.

The appellant, however, further contends that the trial court erroneously failed to

give plaintiff's requested instruction No. 7, pertaining to loss of earning capacity, as an element of damages to be considered by the jury.

The court failed to give any instruction on loss of earning power as an element of damages.

Loss of earning capacity is a proper element of general damages. Wilson v. Oscar H. Kjorlie Co., 73 N.D. 134, 12 N.W.2d 526.

Loss of earning power is an element of general damages which can be inferred from the nature of the injury, without proof of actual earnings or income after the injury, and damages in this respect are awarded for the loss of ability thereafter to earn money. Wilson v. Sorge, 256 Minn. 125, 97 N.W.2d 477.

The distinction must be made between loss of earnings, which is an item of special damages and must be specifically pleaded and proved, and "impairment of future earning capacity," which is an item of general damages to be submitted to the jury as an item of damages where the evidence establishes permanent injury. Wilson v. Sorge, supra.

As pointed out by the Supreme Court of Iowa in the case of Grant v. Thomas (1962), 254 Iowa 581, 118 N.W.2d 545, an action involving a whiplash type of injury incurred in a rear-end collision in which the evidence disclosed permanent injury:

"Loss of earning capacity is actually an element of damages for permanent disability. It is to be measured by the present value of the loss or impairment of general earning capacity, rather than loss of wages or earnings in a specific occupation."

There was probative evidence of permanent injury, and therefore the jury should have been instructed by the trial court that the impairment of earning capacity is an item of general damages which permits recovery for loss or diminution of power to earn in the future and is based on such factors as age, life expectancy, health, habits, occupation, talents, skill, experience, training, and industry, and it is within the province of the jury to weigh all these elements and to arrive at a proper monetary value of any such loss. Wilson v. Sorge, supra.

While the requested instruction may not be a model to be followed, the failure of the trial court to give the instruction requested or another proper instruction concerning the same subject matter, where there was probative evidence of permanent injury, was error.

The failure of the trial court to give plaintiff's requested instructions No. 4, 5, and 6 was not prejudicial error since we find the subject matters contained therein were covered by the court in its instructions.

The judgment is vacated and a new trial is ordered in conformity with this decision.

MORRIS, C. J., and ERICKSTAD, BURKE, and TEIGEN, JJ., concur.

STRUTZ, J., did not participate; W. C. LYNCH, District Judge, sitting in his stead.